Parker, J.
This is an action brought in the court below by the plaintiff in error against the defendant in error to recover damages on account of an injury sustained, as he alleged, through the negligence of defendant. The case came on for trial before a jury, and a witness was put on the stand on behalf of the plaintiff. The trial then took the course indicated by the bill of exceptions, as follows:
“The plaintiff to maintain the issues on his part called as a witness William Dietsche, who first being duly sworn testified as follows:
Direct examination, by Mr. Brumback:
“Q. .Where do you reside, Mr. Dietsche? A. 525 Cherry street, Toledo, Ohio.
“Q. How long have you lived in Toledo? A. Fifteen years.
“Q. What is your occupation? A. Restaurant and boarding house.
“Q. Are you acquainted with the plaintiff in this case, Edward T. Rafferty? A Yes, sir.
“Q. Go on and tell what, if anything, you know about his having received an injury in the morning of July 28th, 1896, at the power house of'the defendant company in Toledo?
“Mr. Smith: I object to the evidence.
“The Court: What is your objection, Mr Smith?
“Mr. Smith: I desire to make a motion for the court to direct the jury to return a verdict in favor of the defendant on the pleadings in the case, on the ground that the pleadings do not state a cause of action against the defendant.
“Thereupon the court, after argument by counsel, and being fully advised in the premises, did grant said motion over the exception of the plaintiff, and did say to the jury that under the case of Coal & Car Co. v. Norman, 49 Ohio St., 598, the pleadings in this case did not state a cause of action against the defendant, and for that reason the court did then and there direct the jury to appoint one of the *290 members of the jury foreman, and did direct him to sign a verdict on behalf of the jury in favor of the defendant, which was duly done, and said verdict announced in open court; to all of which action by the court the plaintiff by counsel did then and there duly except.
“The above and foregoing is all the evidence offered or received upon the trial of this cause.”
This is the substantial part of the bill of exceptions. This which I have read occurred on the 4th day of November, 1898. The record shows that within three days a motion for a new trial was filed, setting forth the following grounds:
1. That said judgment is contrary to law.
2, That the court erred in directing the jury to return a verdict for the defendant.
And there are other grounds, which need not be mentioned.
On December 24, 1898, the motion for a new trial was heard and overruled and judgment was entered upon the verdict, that “the defendant go hence without day and recover from the plaintiff its costs,” etc.
The bill of exceptions was signed on January 19th, 1899. This was within fifty days from the overruling of the motion for a new trial and the entering of the judgment, but it was more than fifty days after the ruling on the trial complained of and the exceptions thereto. A motion is made to strike the bill of exceptions from the files, for the reason that it was not signed within the time provided by statute. We are of the opinion that if this was error, it was error occurring upon the trial which the court might properly consider upon a motion for a new trial, and that therefore, on the authority of Weaver v. Railway Co., 55 Ohio St., 491, the bill of exceptions was signed and sealed in due time, it having been signed and sealed within fifty days from the time the motion for a new trial was overruled.
It will be observed that this bill of exceptions does not set forth that the plaintiff offered or expected to prove anything by this witness; nor does it set forth that at the time this motion was interposed, or at any time before it was ruled upon, the plaintiff offered evidence in support of the *291 averments contained in the petition. Whether that is necessary where the question arises, as it does here, upon a motion to direct a verdict, we do not decide. We suggest, however, and it is our opinion, that it would be a much safer and better practice under such circumstances, to make an offer and to have the bill of exceptions show that an offer was made to support the allegations of the petition by proof.
The case, as stated by the plaintiff in his petition, is this:
That he was an employe of the defendant as an engineer at the power house of the defendant in this city; that at the time he received the injury complained of he was engaged in his work as an engineer, and having a call of nature, he proceeded from the place where he was at work at that time to another part of the building, and upon returning to the place where he should work, he fell through a hole in the floor of the building to the floor below, a distance of some twenty feet, and was injured. It appears that this hole in the floor was a part of the original construction of the building — a place left so that articles, machinery or whatever might be needed, might be lifted from the lower floor to the higher floor of the building.
What the plaintiff complains of and the negligence which he imputes to the defendant is, that on the evening in question when he went to attend to this call of nature, this hole in the floor was not guarded so as to prevent a person walking along by it from falling in, and that that part of the building was not well lighted, so that one walking along could not discover the hole in the floor, and then he avers: ‘Í that he knew there was a hole through the floor of said building somewhere in the neighborhood of where the said hole existed, by reason of having seen the hole once three weeks before he was injured, at which time plaintiff says there were barrels placed around said hole and the light was burning so that he never gave the matter particular attention, and upon the night in question, the existence of said hole not being impressed upon his mind he momentarily forgot that the same was there, and by reason-of the lack of light as aforesaid, did not and could not see the same.”
Now it is contended by the defendant in error — and the court below seems to have so ruled — that this allegation *292 precludes a recovery. This, as I have mentioned, is ruled upon the authority of Coal & Car Co. v. Norman. The syllabus of that case — which states the matters briefly, and is sufficient for our purpose — reads as follows:
“In an action by a servant against his master for an injury resulting from the negligence of the latter in furnishing appliances, or in caring for the premises where the work is to be done, the plaintiff must aver want of knowledge on bis part of the defects causing the injury; or that, having such knowledge, he informed the master, and continued in his employment upon a promise, express or implied, to remedy the defects; an averment that the injury occurred without fault on his part is not sufficient,”
There is no averment in the petition in this case to the effect that, having knowledge of this hole in the floor — as he says he had — he informed the master and continued in his employment upon his promise, express or implied, to remedy this alleged defect; and it is urged on behalf of the defendant in error that the rule laid down in the case from which I have just read is applicable in all cases of that nature.
We have to say with respect to Coal & Car Co. v. Norman, that what was said, by the court was appropriate to the facts of that case; but, as we have had occasion to say before in Barber v. Miles, 14 C. C. R., 637, we do not think that the general statement in that case of what is ordinarily required to be alleged and proved upon the part of a servant seeking to recover for the negligence of the master in furnishing unsafe or improper machinery or appliances, or in failing to provide a safe place for the servant to do the master’s work, was meant to apply to all cases of that character, whatever the circumstances. Neither do we think that knowledge, however incomplete, possessed by the servant at any time before the accident, however remote, of the unsafe place or defective machine, will in all cases prevent a recovery, unless a promise by the master to amend or repair and reliance thereon by the servant, and that he did not continue in the service an unreasonable time thereafter, etc., are shown to overcome the effect of such knowledge. We are of the opinion that the law laid down in Kane v. Northern Central R. R. Co., 128 U. S. 91, and *293 other cases cited in brief of counsel for plaintiff in error, to the effect that under certain circumstances and in certain emergencies the servant may be excused for forgetting momentarily a defect of which he had knowledge, and may recover notwithstanding such knowledge and lapse of memory, is as applicable to Ohio as to- any other state of the Union, and that there is nothing in the case of Coal Oar Co. v. Norman, or any other case decided by our supreme -court, to preclude its application, or that is at variance with it. Oases can be imagined, and may readily arise, where the knowledge may be brought home'in a way calculated to make but a slight impression on the mind and memory — where the matter may not touch the duties or occupation of the servant so as to make it important for him to heed or ■remember, and the time may be so remote from the time of the accident that the impression might well fade from the memory of an ordinary man, and if the servant should forget, under such circumstances, we are not prepared to hold that he would be without remedy. Having forgotten, is he ■not in the same condition of ignorance as one who never ■knew? Of course, he must not be guilty of heedlessness and negligence in forgetting- — -in failing to give proper and prudent attention whereby he forgets, and it may be dangerous in many cases to permit this excuse. It is liable to abuse. It is so easy to say “I forget’’, and the statement ■is difficult of disproof, but we believe that this question of fact may safely be left to the good sense of the triers of the fact, and that it must be left to them.
These remarks are very general, and are not intended to ■apply particularly to the case at bar. So far as this case is •concerned they might have been left unsaid, and they may be regarded as in a sense obiter dicta; but we find occasion for this expression of our views in the sharp contention of ■counsel upon this point, and their full and able arguments and briefs. The arguments of counsel are addressed chiefly to this question, and it seems that it was upon this point the court below based its decision. We are not limited, however, in our inquiry to the bill of exceptions referred to, nor, by the course of the argument, to a consideration of this point alone; we are bound to examine to see whether the petition on any ground is open to the objection that it fails to *294 state a cause of action, and we leave the discussion of this particular phase of the case without passing upon the question whether,under the circumstances stated in the petition, the plaintiff might be excused for not only forgetting, but-for going into a dark place, with which he was unacquainted or unfamiliar, without taking a lantern, or lamp, or ligh of some kind with him to light his way. That he did not have provided and at his hand proper and sufficient lights-which would have subserved this purpose, is not alleged. The absence of a certain electric light, of a certain kind, at a certain place, would not necessarily require him to go-stumbling or groping in the dark.
But, passing this question, we come to another that seems-to us to be plain, easy of solution and decisive of this case. The alleged fault of the employer in failing to light up the floor and in failing to put safeguards about the hole in the floor does not apply to anything that the plaintiff was required to work with, upon or about. His work was that of an engineer with certain engines, in another part of the same large building, though upon the same floor. It is not averred that there was any fault in the part of the floor where he was at work, or that it was not properly lighted, or that the machinery was in any respect defective.
In order to recover on account of the alleged defective-lighting of the part of the floor where the hole was located, or on account of the failure to safeguard this hole in the floor, plaintiff must allege facts which show that his master owed to him the duty of doing that on account of the absence of which he complains. Therefore he must allege facts which disclose that in the performance of his duty, or for some reason, he was where he had a right to be, where he had some proper business or errand at the time he was injured. He alleges that “it became necessary for him to attend to a call of nature, and for that purpose he went to the back part of said power-house building.” The purpose for which he went was necessary and proper, and in going to attend to a call of nature at a proper time and place, he must be regarded as being in the line of his duty at his master’s work. But there is no allegation, suggestion nor hint that it became necessary or was proper for him to go into this dark place and over this floor in the vicinity of *295 this hole; no allegation that he went to the place provided' for that purpose, or theretofore used for that purpose, or proper or convenient for that purpose. He may as well have said that be went-to the roof of the building, or .to the cellar, or to an adjoining building owned by his master* off to a building or place remote from the one where he was at work. So far as appears, he was provided with a convenient place, in an opposite direction from the danger he encountered.
The petition contains the following allegations as to the duty of the defendant to keep the place lighted and the-hole guarded, etc.: „
“Plaintiff further says that the safety of the employes-engaged in said work in and about said engines required that the defendant should exercise reasonable and ordinary care in having and keeping said power house building in good and proper condition and repair, and not have or permit any holes or openings in the floor of said power house building upon which said engines were located, without having the same properly guarded by railings or barriers to-prevent the defendant’s employes from falling therein. And it was the further duty of the defendant to have and maintain good and sufficient lights in, upon and around the second floor of its power house where plaintiff was so engaged at his work, to enable plaintiff to clearly see all surrounding objects and any visible dangers that might be then and there present.”
It is suggested by counsel for plaintiff in error that this meets the requirements of the rules of pleadings, and it does so far as it goes; but, in our opinion,it does not supply the omission or deficiency which we have pointed out — I. ©. a statement of facts showing that the plaintiff was where he had a right to be, or might properly be at the time he wars injured, which is essential to support the conclusion that the defendant owed the defendant this duty with respect to this place.
Upon this subject we do not find even an indefinite statement that might' be sufficient on demurrer. There is a-total absence of any allegation upon which can be predicated?' the conclusion that the master owed the servant the duty to-keep this particular place free from the dangers which *296 caused the injury, and the absence of such averment we regard as a material and fatal defect, which cannot be supplied wholly by presumption, and the absence thereof, in our opinion, leaves the petition subject to general demurrer; and we think that for that reason the court below was not in error in directing a verdict in favor of the defendant below, and the judgment of the court below is therefore affirmed.
Hurd, Brumback & Thatcher, for Plaintiff in Error.
Smith & Balter, for Defendants in Error.