## KANE *v.* NORTHERN CENTRAL RAILWAY COMPANY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF PENNSYLVANIA.

No. 8. Submitted October 12, 1888. — Decided October 22, 1888.

In an action by an employé of a railroad company against the company to recover damages for personal injuries received by reason of the negligence of the company, in order to determine whether the employé, by recklessly exposing himself to peril, has failed to exercise the care for his personal safety that might reasonably be expected, and has thus by his own negligence contributed to causing the accident, regard must always be had to the circumstances of the case, and the exigencies of his position; and the decision of this question ought not to be withheld from the jury unless the evidence, after giving the plaintiff the benefit of every inference to be fairly drawn from it, so conclusively establishes contributory negligence, that the Court would be compelled, in the exercise of a sound judicial discretion, to set aside any verdict returned in his favor.

THIS was an action to recover damages for personal injuries sustained by the plaintiff while in the discharge of his duties as an employé of the Northern Central Railway Company. It was based upon the alleged negligence of the company in not providing suitable and safe appliances for the cars on which the plaintiff was assigned for duty. At the conclusion of the evidence introduced in his behalf the court directed a verdict for the company.

It was in evidence that at midnight, in the month of February, a train of freight cars, belonging to or being operated by the defendant, left Marysville, on its line of road, for the city of Baltimore. The rear car was the caboose; the third car from the caboose was an ordinary "house-car;" the fourth one was laden with lumber. The car upon which the plaintiff was required to take position while the train was in motion was about the eighth or tenth one from the caboose. His principal duty was to "brake" the train from that car back to the caboose. When the train, moving southward, was going into York Haven, twenty miles from Marysville, the plaintiff, while passing over it for the purpose of putting down the brakes, discovered that the third car from the caboose had one step off at the end nearest the engine, and immediately called the attention of the conductor to the fact. The conductor promised to drop that car at the coal yard or junction beyond them in the direction of Baltimore, if, upon looking at his manifests, he found that it did not contain perishable freight. When the train stopped, about four or five o'clock in the morning, at Coldfelters, some miles north of the coal yard or junction, the plaintiff went to the caboose to eat his breakfast and warm himself. It was snowing, freezing, and sleeting. One of the witnesses testified that "it was a fearful cold night, raining and sleeting; the train was covered with ice and snow; . . it was most bitter cold; the rain was freezing as it fell; a regular winter's storm." While the plaintiff was in the caboose eating his breakfast the train moved off. He immediately started for his post, leaving behind his coat and gloves. Upon reaching the south end of the third car from the caboose he attempted to let himself down from it in order

to reach the next car ahead of him, which was the lumber car, and pass over the latter to the one on which he usually stood while the train was in motion. At the moment he let himself down from the top of the house-car he forgot that one of its steps was missing; and, before realizing the danger of his position, and without being able then to lift himself back to the top of the car, he fell below upon the railroad track and between the wheels of the moving train, causing him to lose both legs. The plaintiff testified that if, at the moment of letting himself down from the top of the car, he had recalled the fact that one of its steps was gone, he might have pulled himself back with his hands, or have "slid down" on the brake rod; for he had before climbed up and down by holding that rod with one hand and putting his foot against it and pulling himself up until he touched the running board. He testified that he could not remember how his mind was occupied at the time; " only going to my post, my mind was on that; going where I had the right to be." Again : "When the accident happened, I was going to my place on the train. I had no other duty on the top of the cars as the train was moving off, unless the engineer calls for a signal, and generally he does do that when the train is moving off. There is occasion for it in all places where the train starts or stops, only in cities, where we aren't allowed to blow them. We are required to notice the train when it is running to see that it is all going; the train might start and go one hundred yards and then break loose."

This was, in substance, the case made by the plaintiff's evidence.

*Mr. James H. Gable, Mr. N. Dubois Miller,* and *Mr. W. F. Bay Stewart* for plaintiff in error.

*Mr. Wayne McVeagh* and *Mr. A. H. Wintersteen* for defendant in error.

MR. JUSTICE HARLAN, after stating the case as above reported, delivered the opinion of the court.

The Circuit Court proceeded upon the ground that contributory negligence upon the part of the plaintiff was so conclusively established, that it would have been compelled, in the exercise of a sound judicial discretion, to set aside any verdict returned in his favor. If the evidence, giving the plaintiff the benefit of every inference to be fairly drawn from it, sustained this view, then the direction to find for the defendant was proper. *Phœnix Insurance Co.* v. *Doster*, 106 U. S. 30, 32; *Randall* v. *Baltimore & Ohio, Railroad*, 109 U. S. 478, 482; *Anderson County* v. *Beal*, 113 U. S. 227, 241; *Goodlet* v. *Louisville & Nashville Railroad*, 122 U. S. 391, 411.

But we are of opinion that the question of contributory negligence should have been submitted to the jury. It cannot be said that the plaintiff was guilty of contributory negligence in staying upon the train, in the capacity of brakeman, after observing that a step was missing from one of the cars over which he might pass while discharging his duties. An employé upon a railroad train, likely to meet other trains, owes it to the public, as well as to his employer, not to abandon his post unnecessarily. Besides, the danger arising from the defective car was not so imminent as to subject him to the charge of recklessness in remaining at his post under the conductor's assurance that the car should be removed from the train when it reached the coal yard or junction, if, upon examining his manifests, he found that it did not contain perishable freight. *Hough* v. *Railroad Co.*, 100 U. S. 224; *District of Columbia* v. *McElligott*, 117 U. S. 621, 631.

But it is said that the efficient, proximate cause of the injury to the plaintiff was his use of the defective appliances at the end of the car from which he fell, when he knew, and, at the moment of letting himself down from that car, should not have forgotten, as he said he did, that one of its steps was missing. It is undoubtedly the law that an employé is guilty of contributory negligence, which will defeat his right to recover for injuries sustained in the course of his employment, where such injuries substantially resulted from dangers so obvious and threatening that a reasonably prudent man, under similar circumstances, would have avoided them if in his power

to do so. He will be deemed, in such case, to have assumed the risks involved in such heedless exposure of himself to danger. *Hough* v. *Railroad Co., District of Columbia* v. *McElligott,* and *Goodlet* v. *Louisville & Nashville Railroad* above cited; *Northern Pacific Railroad* v. *Herbert,* 116 U. S. 642. But in determining whether an employé has recklessly exposed himself to peril, or failed to exercise the care for his personal safety that might reasonably be expected, regard must always be had to the exigencies of his position, indeed, to all the circumstances of the particular occasion. In the case before us, the jury may, not unreasonably, have inferred from the evidence, that while the plaintiff was passing along the tops of the cars, for the purpose of reaching his post, he was so blinded or confused by the darkness, snow, and rain, or so affected by the severe cold, that he failed to observe, in time to protect himself, that the car from which he attempted to let himself down was the identical one which, during the previous part of the night, he had discovered to be without its full complement of steps. While a proper regard for his own personal safety, and his duty to his employer, required that he should bear in mind, while passing over the cars to his station, that one of them was defective in its appointments, it was also his duty to reach his post at the earliest practicable moment, for not only might the safety of the moving train have depended upon the brakemen being at their posts, but the engineer was entitled to know, as the train moved off, by signals from the brakemen, if necessary, that none of the cars constituting the train had become detached. If it be suggested that the plaintiff ought not to have left his post and gone to the caboose when the train stopped at Coldfelters, the answer, furnished by the proof, is, that he was justified in so doing, by usage and by the extraordinary severity of the weather. And if his going back from the caboose was characterized by such haste as interfered with a critical examination of the cars as he passed over them, that may, in some measure at least, have been due to the fact that the first notice he had of the necessity of immediately returning to his post, was that the train was moving off.

Without further discussion of the evidence, and without intimating what ought to be the verdict upon the issue of contributory negligence, we are of opinion that the court erred in not submitting to the jury to determine whether the plaintiff in forgetting, or not recalling, at the precise moment, the fact that the car from which he attempted to let himself down was the one from which a step was missing, was in the exercise of the degree of care and caution which was incumbent upon a man of ordinary prudence in the same calling, and under the circumstances in which he was placed. If he was, then he was not guilty of contributory negligence that would defeat his right of recovery.

*Judgment is reversed and the case remanded, with directions to grant a new trial.*