The City of· Richmond *v.* Mulholland.

Filed Nov. 27, 1888.

———————◆———————

No. 13,346.

THE CITY OF RICHMOND *v.* MULHOLLAND.

MUNICIPAL CORPORATION.—*Negligence.*—*Defective Street.*—*Knowledge of Defect.*—*Contributory Negligence.*—One can not recover for an injury caused by a defective street if he was guilty of negligence contributing to the injury; but mere knowledge on his part that there was a defect in the street does not of itself establish contributory negligence.

From the Wayne Circuit Court.

*J. H. Kibbey,* for appellant.

*T. J. Study* and *A. C. Lindemuth,* for appellee.

ELLIOTT, J.—The appellee recovered damages for personal injuries resulting from a negligent breach of duty on the part of the appellant in failing to keep one of its streets safe for ordinary travel.

The appellant's counsel rests his case upon the proposition that the appellee has no right of action because he was guilty of contributory negligence. If he is right, then the judgment must be reversed.

A municipal corporation is not an insurer of its streets, but it is bound to use ordinary care and diligence to keep them in a reasonably safe condition. The law presumes that this duty has been performed, and every citizen who lawfully uses the streets is entitled to the benefit of this presumption. But while a citizen may use the streets upon the faith of this presumption, still he is bound himself to exercise ordinary care and diligence. The presumption does not entitle him to proceed heedlessly or negligently; on the contrary, the same principle that requires care and diligence on the part of the municipal corporation requires that he shall himself be careful and prudent.

Ordinary care requires that a person should not unnecessarily undertake to pass a place which he knows can not be passed without incurring a hazard that prudent men would not incur. Where the place is known to be so dangerous that it can not be passed without great risk of injury, it is negligence to attempt to pass it. *Lake Shore, etc., R. W. Co.* v. *Pinchin,* 112 Ind. 592, and cases cited; *Town of Gosport* v. *Evans,* 112 Ind. 133, and cases cited.

But it is not always that knowledge of a defect in a street can be considered as sufficient of itself to establish contributory negligence. Nor is it true in all cases that knowledge that there is some danger will preclude a recovery. *Lake Shore, etc., R. W. Co.* v. *Pinchin, supra; City of Huntington* v. *Breen,* 77 Ind. 29; *Murphy* v. *City of Indianapolis,* 83 Ind. 76; *Nave* v. *Flack,* 90 Ind. 205 (46 Am. R. 205); *City of Altoona* v. *Lotz,* 114 Pa. St. 238 (60 Am. R. 346).

In the case last named the question was thoroughly discussed, and it was held that knowledge that there was a defect in the street did not of itself establish contributory negligence.

In the case before us the evidence shows that the plaintiff knew that there was an inequality in the center of the street, but it does not show that he knew that it made the center of the street dangerous, nor does it show that he knew that there was any defect at all in the sidewalk near where he was walking after dark at the time he received his injury. It can not, therefore, be declared as matter of law that he was guilty of contributory negligence. As the case comes to us we must regard the question as one of mixed law and fact, and as the jury, under proper instructions from the court, found the fact in favor of the plaintiff, we must sustain the verdict.

Judgment affirmed.

