## GRAHAM *v.* PENNSYLVANIA R. Co.

*(Circuit Court, D. New Jersey. April 24, 1889.)*

CARRIERS—INJURY TO PASSENGER—CONTRIBUTORY NEGLIGENCE.
    Where a ferry-boat has two gangways by which passengers can leave, a passenger who attempts to leave by the gangway intended for teams, and who is injured by the guard-chain for such gangway being dropped on his leg while he is astride of it, is guilty of contributory negligence, and cannot recover from the owner of the boat.

At Law. Action for damages.

Edward Graham sued the Pennsylvania Railroad Company to recover damages for personal injuries. Plaintiff, while leaving defendant's ferry-boat by the middle gangway, had his leg broken by the guard-chain being thrown against it by a deck-hand. Judgment directed for defendant on its motion.

*William S. Gummere* and *Herbert W. Knight,* for plaintiff.
*James B. Vredenburgh,* for defendant.

WALES, J., (*orally.*) I have concluded to grant this motion, and will briefly state the reasons for doing so. The material facts of the case are quite clear. The plaintiff, at the time of the accident when he received the injuries complained of, was a passenger on board a ferry-boat belonging to the defendant company, and had been in the daily habit of crossing the ferry for a great many years,—19 or 20 years,—and had frequently left the boat in the same way as he did on the day he was hurt; that is, by the horse gangway, instead of by one of the footways provided for passengers. On the opening of this case it occurred to me that the plaintiff, at the time of the accident, had put himself in a place where he had voluntarily exposed himself to the risk of getting hurt, and the only reason that constrained me from granting a nonsuit was that I thought perhaps the company, by its acquiescence, had permitted and encouraged passengers to leave or disembark from the boat in the manner the plaintiff had done, and that there might have been gross and inexcusable negligence on the part of the deck-hand who unhooked the chain and threw it aside just as the plaintiff was stepping over it. Exactly how and when the chain was taken down has not been satisfactorily proven. There is some conflict in the testimony on this point. But, admitting that the chain was thrown off while the plaintiff was astride of it, after all, did he not assume the risk, and directly contribute by his own act and want of care to the accident? It will not be disputed that if this were so he has no right to recover; and where the evidence is so clear that if the jury should find a verdict for the plaintiff the court would be compelled, in the exercise of a sound discretion, to set the verdict aside, it will be its duty, under such circumstances, to direct the jury to render a verdict for the defendant. Now, it is true that no public notice was given—no prohibition, no remonstrance, no regulation of any kind—to prevent pas-

sengers from placing themselves in front of the chain, or from stepping over it, and going off the boat by the horse-way; nor does it appear that passengers were ever remonstrated with by any of the officers or agents of the company, but they were allowed to pass out there freely after the gates had been removed. But then the question is suggested, are not such visible and obvious objects sufficient notice to the passengers that they must not go out by that way, and that they must take all the risks if they do? Mr. Graham attempted to step over the chain before it had been unhooked, and either stumbled and fell, or was thrown down by the unhooking of the chain while he was astride of it, and in either case contributed to the accident by being in a place which he knew was appropriated for the use of horses and vehicles, and not for passengers.

The question is one of contributory negligence. There are two gangways provided by which passengers can safely leave the boat, and if a passenger, in his eagerness and haste to get on shore, leave one of these side gangways and go into the middle gangway, where he has no business to go, does he not do it at his own risk? And if any accident befall him, is he not responsible for his own negligence and want of reasonable care? It appears to me to be a very clear case of contributory negligence. The precautions taken by the company, I think, were ample. There are the gates which, as I understand from the testimony, are never removed until after the boat has been fastened to the bridge. The gates are first opened, and then the chain is taken down. Mr. Graham was familiar with all these things. Every one accustomed to travel on that boat knew of these arrangements,—that there were gangways provided for passengers, and that the middle gangway was only for horses and vehicles. It required no great degree of intelligence for any one to understand that, while the chain was stretched across the middle gangway, passengers were forbidden to go out that way. It was therefore apparent, because of the double obstruction of the gates and chain, which speak better than any printed notice, or any words which could be uttered by the officers of the boat, that the plaintiff could not pass out that way as long as the chain was up. The chain is put there for the purpose of preventing passengers from leaving the boat by that way, and if a passenger chooses to go out over the chain he does it at his own risk. Therefore, if the jury, on such evidence as this, which shows a want of reasonable care on the part of the plaintiff, should give him a verdict, would it not be the duty of the court to set it aside? I think so.

There are two cases recently decided by the supreme court of the United States which very clearly state the law and practice in cases like this. In *Goodlett* v. *Railroad Co.*, 122 U. S. 391, 7 Sup. Ct. Rep. 1254, the court says:

"Where a cause fairly depends upon the effect or weight of testimony, it is one for the consideration and determination of the jury, under proper directions as to the principles of law involved, and that a case should never be withdrawn from them ' unless the testimony be of such a conclusive character as to compel the court, in the exercise of a sound judicial discretion, to set aside a verdict rendered in opposition to it.' "

So in *Kane* v. *Railroad Co.*, 128 U. S. 91, 9 Sup. Ct. Rep. 16, the same rule is repeated:

"The circuit court proceeded upon the ground that contributory negligence upon the part of the plaintiff was so conclusively established that it would have been compelled, in the exercise of sound judicial discretion, to set aside any verdict returned in his favor. If the evidence, giving the plaintiff the benefit of every inference to be fairly drawn from it, sustained this view, then the direction to find for the defendant was proper."

As I have said before, it is a settled rule that where a man brings an action against a company, or against an individual, for negligence for causing an injury to him, it is necessary for the plaintiff to show that he was free from fault, free from negligence on his part, and that he exercised a reasonable amount of care and prudence in his own conduct on the occasion; otherwise he is not entitled to a verdict. I suppose that rule is not questioned. The authorities cited by the plaintiff's counsel depend on the special facts of each case, and there must have been circumstances in each of those cases which justified the court in deciding as it did. In the present case I can see no fair inference that may be drawn from the testimony that will excuse—much less justify—the plaintiff's conduct at the time, and under all the circumstances, when he met with the accident. I was at first much impressed by the fact that the company had allowed passengers to leave the boat in the same manner as the plaintiff had done. We have all witnessed the haste and rush with which passengers leave a ferry-boat as soon as it touches the shore. Of course, familiarity with danger breeds contempt, and a man who has passed over the ferry, as this plaintiff had done, for many years in that way without an accident, comes to believe that he is perfectly safe in continuing to do so. But does the fact that he has always escaped harm before, relieve him from the necessity of exercising due care and caution? If I am in the habit of traveling every day on a railroad train, and habitually leave the train before it stops, or reaches the station, or before the wheels cease to revolve, and I at last fall and receive an injury, could I recover damages from the railroad company for such an accident? Clearly not. The fact that passengers will persist in leaving the boat by the middle gangway, and may have done so for years, and every day in the year, does not justify the action of the plaintiff and his conduct on the day of the accident. He should have gone out by one of the footways, or at least have waited until the chain had been removed before he undertook the risk of passing out by the middle of the boat. It was insisted he had a right to be in the middle of the boat, and to cross the chain as he did. I cannot take that view. He had no right to be there. In the crowds that go on board these boats, if a man chooses to rush out in the manner the plaintiff did, the company cannot help it beyond taking the precautions which they have taken to prevent it. The fact that the company has furnished two convenient and ample outlets for passengers, and that the horse gangway is guarded by a chain, is sufficient, I think, to exonerate the company from liability for such accidents as the one which happened to the plaintiff. In my opinion

this is such a clear case of contributory negligence on the part of the plaintiff that he has no right to recover, and if the case should be allowed to go to the jury, and a verdict be rendered in his favor, it would be the duty of the court to set it aside. The jury is therefore instructed to find for the defendant.