No. 41

RENNER v. DUBLIN (Vil.)

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1462. Decided Nov. 24, 1926

301. CONTRIBUTORY NEGLIGENCE — Where plaintiff crashes into a concrete watering trough in the middle of a road, on a dark and foggy night, claiming that for that reason he could not see ahead any great distance, a directed verdict in favor of the defendant will be sustained, where it is clear that the plaintiff was well acquainted with the road, the location of the trough and the entire situation.

BY THE COURT.

Edwin Renner brought this action originally in the Franklin Common Pleas against the village of Dublin to recover damages for injury to his machine, which collided with a concrete watering trough, maintained by the Village in the middle of the road.

Renner claimed that the night was dark and foggy and was unable to see more than a few feet ahead; that there was no light over the trough; that he was travelling at a low rate of speed and was keeping to the middle of the road; when he crashed into said watering trough. At the close of all the evidence, a motion for a directed verdict in favor of the vilalge was sustained. Renner prosecuted error and the Court of Appeals held:

1. The village relies upon a defense of contributory negligence, and it was upon the theory that Renner was guilty of contributory negligence as a matter of law, that the court below sustained the motion for a non-suit. 15 OA. 102 and 17 OA. 252 considered.

2. It appears from the evidence that Renner was familiar with the situation at the place where the accident occurred, he having lived near Dublin, and having passed along this road many times.

3. Therefore an inference of contributory negligence arises, it being clear, if not admitted by Renner, that he was familiar with the

situation and knew of the location of the watering trough.

4. There was an obligation resting on him to dispel the inference of contributory negligence; and especially is this true in view of the fact that the fog was dense at this particular point.

Judgment therefore affirmed.

(Allread, Ferneding & Kunkle, JJ., concur.)
Attorneys—C. A. Hooper, Marysville, for Renner; D. B. Sharp, Columbus, for Village.