### DEMPSEY v. SEIBEL.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8878. Decided May 14, 1928.

Syllabus by Editorial Staff.

**NEGLIGENCE.**

(370 C2.) Knowledge of looseness of step by domestic servant charges her with contributory negligence when she was injured in fall by reason thereof.

Error to Common Pleas.

Judgment reversed.

Kalley, David & Cottrell and Frank A.

Green, Cleveland, for Dempsey.

A. L. McGannon, Cleveland, for Seibel.

### STATEMENT OF FACTS.

This cause is here on error from the Court of Common Pleas of Cuyahoga County, and it is sought to reverse a judgment of $4895.93 which the plaintiff below, Minnie Seibel, recovered from defendant below, Harry A. Dempsey, on account of personal injuries alleged to have been received on the 30th day of April, 1925, because of the negligence of defendant with respect to a certain wooden step that it was necessary to use in crossing from the main body of the house of defendant to the sleeping porch, the floor of the latter being eighteen inches lower than the floor of the bedroom in the main body of the house, which joined the floor of the sleeping porch, and in stepping from the bedroom on to the floor of the sleeping porch, it was necessary to descend about nine inches to the step in question and then there was another nine inches of descent to the floor from the top of the step.

It is claimed by plaintiff below, who had been in the employ of defendant and his family for several months, that this step in question was unattached to the floor or the rear of the step near the threshold between the sleeping porch and the bedroom adjoining and that by reason thereof when she stepped upon it, it toppled over and caused serious and severe injury to one of her knees, and for which the jury rendered the verdict as above noted.

### SULLIVAN, PJ.

The only questions of error that are raised, are that the verdict and judgment is clearly and manifestly against the weight of the evidence, and that the verdict is excessive.

We have reviewed the evidence in the case, in order to ascertain whether under the rules of law there projects from the record a situation which shows that the jury was misled in its verdict, for unless this appears from the record, the verdict must stand, if there is credible evidence to support it.

When we read the entire record upon the issue as to whether there were clamps from the beginning, we arrive at the conclusion that the great weight of the testimony is in favor of the existence of the clamps from the time of installation, and if this is a fact then the plaintiff who had charge of the room where the step was located, for many months, must have been aware of the actual fact concerning the presence or absence of clamps.

It must follow, it appears to us, that if she is correct in her testimony, that at the time of the injury and prior thereto the step was loose, it would be impossible for her not to know it and thus knowing it and for so long a time, and her duties compelling her to care for it, we have come to the conclusion that she would not be entitled to recover even from her own standpoint, because of contributory negligence. This was an issue raised in the case and while it was properly submitted to the jury, it is our judgment that under the record the conclusion is inevitable, based upon the plaintiff's own theory, that there is no liability because of contributory negligence.

After sifting all the evidence this is the conclusion we come to and therefore we think the judgment and verdict are clearly and manifestly against the weight of the evidence and thus holding the judgment of the lower court

is hereby reversed and the cause is remanded for further proceedings according to law. (Vickery and Levine, JJ., concur.)