## MILLER v EAST OHIO GAS CO

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10631. Decided May 26, 1930

Borden & Gaines, Cleveland, for Miller.
Tolles, Hoggsett & Ginn, Cleveland, for Gas Co.

SULLIVAN, J.

From a reading of the ordinance, the purpose is not clear and whether it was to furnish a convenient place for the testing of the meter by the gas man, such as being placed in the light instead of the dark, or whether for some other purpose, is immaterial for the reason that it is obvious from a reading of the oridnance that its purpose was not for the benefit of the tenant the plaintiff.

The gas meter, whether at thirty-two inches or four feet above the floor, has no connection, in our judgment, with the safety of the tenant. It is not unreasonable to say that one of the purposes of the placing of the gas meter was to establish uniformity but it cannot be said that the height of the meter would vary in its danwas intended to bear any result which might affect the safety of the tenants, because it is self-evident truth that all tenants are not of the same stature and the height of the meter would vary in its danger with the height of the tenant.

We must keep in mind the law in the interpretation of a case based solely, as the case at bar, upon the violation of an ordinance. It is laid down in 45 C. J. 727-28 that in order to constitute negligence for the violation of an ordinance or statute it is necessary that the obligation imposed be for the benefit of the person alleging injury and this, of course, means that one so claiming must stand upon the proposition that the ordinance was intended for protection. This is not the case in the instant case. It is not sufficient to show negligence of the duty imposed by the ordinance but it is necessary to go further and show that the injury would not have happened had the ordinance been conformed to in the respect questioned and it is also necessary to show that the imposition of the duty was for the security and benefit of the party claiming right to recover. 20 R. C. L. 51.

Again, actionable negligence with respect to an obligation imposed by ordinance, in order to secure a recovery for injuries, it must be shown that the injury was under the contemplation ·of the purposes of the ordinance and which the ordinance was created to prevent. L. R. A. 1915 E. 410.

The ordinance in question is found under a subdivision of the Building Code of the City of Cleveland and the purpose of the code was to provide uniformity in building and its design is for the benefit and convenience of persons using the structure. We think a reading of the ordinance makes manifest the fact that the City Council in passing it had in mind the necessity for uniformity so that the agents of defendant could conveniently find the location of the gas meter and could find access to it with the least inconvenience possible, but in any event uniformity of its location was necessary to a convenient and proper monthly examination and reading of the meter. All this is for the convenience of all parties but there does not issue the interpretation that its puropse was for protection.

From the reasoning employed in the discussion of the case we do not think that the plaintiff can recover from defendant because the placing of the meter and its purpose is not an act of negligence or if it was it is not the basis of recovery because its purpose was not for the benefit or protection of plaintiff. In this connection see Hamilton vs Manufacturing Co. 79 Am. State Rep. 350; 78 Minn. 3. Taking an excerpt from the opinion in the case just cited we read:

"In an action for neglect of duty, it is not enough for the plaintiff to show that the defendant neglected a duty imposed by statute for the benefit of somebody else, and that such person would not have been injured if the duty had been performed; but he must also show that the duty was imposed for his benefit, or was one which the defendant owed to him for his protection."

Thus it will be seen from the line of decisions cited that there was no breach under all the facts of the record on the part of defendant. From a reading of. the record it seems clear on the question of contributory negilgence, that the plaintiff could not recover for it is conclusive from the record that when she picked up the coal, the meter with which she came in contact was in the same line of vision before her as the coal itself and when she stooped to pick up the coal she could have avoided contact with the gas meter which was in front of her. It is obvious that if she could see the coal she could see the meter.

We think the trial court committed no error in ruling that as a matter of law, plaintiff was guilty of contributory negligence.

Plaintiff cites in his argument to show that the case was one for the determination of the jury, the case of **City vs Wald, 103 Oh St 373.** In this case the question concerned a defectively built sidewalk and curb and there was proof in the case that plaintiff, had she looked, would have discovered the defect and there was no evidence that she saw it. In the Wald case supra, plaintiff had a right to assume that the sidewalk was unobstructed and in the absence of knowledge she could not be held guilty of contributory negligence as a matter of law. We do not think such an assumption arises from the record in the case at bar.

Another case cited by able counsel for plaintiff is **Tresise vs Ashdown, Admr, 118 Oh St 307.** This case involved a highway and we think there exists in this case the same distinction as we have noted in Wald

*supra.*

The court below directed a verdict for defendant at the conclusion of plaintiff's case, on the ground that the duties imposed by the ordinance were not for the benefit of plaintiff, and that she was guilty of contributory negligence as a matter of law.

We hold that there was no error in this judgment and the same is hereby affirmed.

Vickery, PJ, and Levine, J, concur.