## BROOKINS v UNION TRUST CO.

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 11486. Decided May 11, 1931

J. B. Dworken and Anderson & Lamb, Cleveland, for Brookins.

Howell, Roberts & Duncan, Cleveland, for Union Trust Co.

JUSTICE, PJ, CROW and KLINGER, JJ, (3rd Dist), sitting.

## McWILLIAM et v FAJEN

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 11443.   Decided May 25, 1931

JUSTICE, PJ.

Did the trial court err in directing a verdict for the defendant?   That was the sole question on the motion for a new trial in the court below and is the sole one here.

To review the evidentiary facts at length will serve no useful purpose, as counsel and the parties are well acquainted with them. Suffice it to say that evidence was offered by plaintiff tending to prove the ownership, management and control of the revolving door in defendant.   A witness testified that defendant installed the door, purchased rubber and felt to repair it and employed a guard to watch and care for it. The door leads into defendant's bank. Surely these facts tend to establish in defendant an ownership in and control over said door.

Whether plaintiff was or was not guilty of negligence directly and proximately contributing to the injuries of which she complains, in failing to use the brass bar in said door while passing through it, was clearly a question of fact to be submitted to the jury under proper instructions and not one of law to be determined by the trial judge, as manifestly different minds in considering it, together with all the other facts and circumstances in the case, might reasonably come to different conclusions.

By giving, as we must, under the pronouncements of our Supreme Court, to plaintiff's evidence the most favorable interpretation toward her of which it is capable of receiving, we are persuaded, after a careful reading of the entire record, that the trial court committed reversible error in refusing to submit her case to the jury under proper instructions.

The following cases sustain our conclusions:

Ellis Morton v Ohio Life & Trust Co., 4 Oh St 646. .

Stockstill v Railroad Company, 24 Oh St 83.

Dix v Railroad Co., 38 Oh St 369.
Bank v Hayes & Sons, 64 Oh St 101.
Gibbs v Village of Gerard, 88 Oh St 34.
Pope v Mudge, 108 Oh St 192.
Trenton v Cox, 118 Oh St 248.
Babbitt v Says, 120 Oh St 177.

Holding these views, it follows that the judgment of the Court of Common Pleas should be reversed.

Judgment reversed and cause remanded.

CROW and KLINGER, JJ, concur.