## PANOSETTI v FROSH et, etc

Ohio Appeals, 2nd Dist, Franklin Co

No 2341. Decided Nov 17, 1933

Knepper, White, Smith & Dempsey, Columbus, for plaintiff in error.

Vorys, Sater, Seymour & Pease, Columbus, for defendants in error.

## OPINION

By HORNBECK, PJ.

The facts are comparatively simple but counsel for the parties, in oral argument and upon the briefs, have presented with unusual care the several propositions of law involved. The pertinent Ohio authorities are cited as well as many cases from jurisdiction throughout the United States and Canada. We are under obligation to counsel for the painstaking and thorough manner in which they have undertaken to assist the court in determining the questions presented.

We are required, as was the trial court, to give to the evidenc of the plaintiff the most favorable interpretation in her behalf of which it is susceptible. **Pope, Armr. v Mudge et, 108 Oh St, 192; The Painesville Utopia Theatre Co. v Lautermilch, 118 Oh St, 167; The Knutzen Motor Trucking Co. v Steiner, 31 Oh Ap, 46; Brookins v Union Trust Co., 40 Oh Ap, 119, (10 Abs 496).**

After a very careful reading of this record, we are convinced that the most favorable inferences for the plaintiff, to be drawn from the testimony offered in her behalf, compel the conclusion that when she brushed the tricycle with her coat and caused it to fall, her attention was directed to its location. It was then in the aisle and to the right thereof. The clerk moved the tricycle to the left and in the aisle a few feet—about six—away from where the plaintiff as a customer was standing, inspecting the linen cabinets. Plaintiff saw the clerk move the tricycle from its place on the right of the aisle to the left thereof and knew definitely where he had placed it.

There is no showing of any circumstance which should have caused the plaintiff to believe that the tricycle was again moved before she fell over it. Thus, she is chargeable with continuous knowledge of the location of the tricycle from the time it was placed to the left in the aisle until she backed into it and was injured.

No circumstance, happening, or inference in the record will permit of any other conclusion unless we say that because she backed into the tricycle she must not have known where it was. Such a conclusion, upon such a premise, may not be permitted

when the test is the ordinary care of the plaintiff.

We are cited to the case of Pope v Mudge, supra. Pope's action was based upon fraud. It was incumbent upon him to prove that he had relied upon the misrepresentations of fact alleged in the petition. In answer to a direct question, if he had relied upon the alleged misrepresentations he answered "no." Upon this statement the trial court directed a verdict against Pope. Pope was on his death bed when his testimony was. taken and was in a distressed state or mind and body. The Supreme Court found that, upon all of Pope's testimony, considering his physical and mental condition and the things done by him as the probable result of the misrepresentations, giving them the most favorable intendment for Pope, permitted the inference that he did not rely upon the misrepresentations made by Mudge. Every other thing that Pope said or did contradicted his answer, that he had not relied upon the misrepresentations of Mudge. The effect of Pope's testimony was to present a contradiction upon his own statement, in the light of his own acts. The situation in the instant case is different in material particulars. There is, upon the whole record, no showing that the plaintiff did not fully comprehend the meaning and import of the questions and her answers thereto. It is true that she is of foreign birth and was not entirely familiar with the English language, but she was so definite in her answers, and they were responsive to so many questions put in so many different forms, that there remains no doubt as to the import of her testimony. In the Pope case, it was essential to determine the reaction of his mind to a specific fact—a misrepresentation.

If the ultimate question for determination in this case was whether or not Mrs. Panosetti thought of or remembered the location of the tricycle at the moment that she stepped into it, and she had testified that she did then remember its location, then her acts might belie that statement.

But it is not inconsistent with her negligence that she knew the exact location of the tricycle, as she says she did, but failed to exercise due care when, with that knowledge, she stepped into it.

In the instant case it is not necessary to know that the plaintiff gave any thought to the location of the tricycle when she stepped into it. A failure to exercise her mental function would be as negligent as if she had acted consciously. It is highly probable that she temporarily forgot the location of the tricycle or failed to think of it when she stepped back into it. But as a reasonably prudent person can she be heard to say that she should not, in the exercise of ordinary care, have kept the location of the tricycle in mind for the few minutes elapsing between the time when it was placed to the left in the aisle until she fell over it?

We believe that reasonable minds should not differ in concluding that she failed to meet the obligation of due care and such failure was a contributing cause to her fall and injuries. The tricycle, as located, was to plaintiff a known dangerous condition and the authorities in Ohio, as we understand them, require a person so circumstanced to take cognizance of such condition and protect himself from injury therefrom and a failure to do so is negligence. Harmony Realty Company v Underwood, 118 Oh St, 576; Renner v Dublin Village, 5 Abs 35; Dempsey v Seibel, 6 Abs 656; Miller v East Ohio Gas Company, 35 Oh Ap, 113 (8 Abs 571).

We are cited to Theatre Company v Lautermilch, supra, which presented a record of inconsistent statements of the plaintiff, some suggesting her contributory negligence, others refuting it. The court properly held that on a motion for directed verdict at the conclusion of the plaintiff's case, her evidence must be given the most favorable interpretation in her behalf.

Plaintiff in error contends that although she knew the exact location of the tricycle to be where she stepped into it she would not, as a matter of law, be chargeable with contributory negligence. The Dayton Arcadia Co. v Miller, 39 Oh Ap, 124 (10 Abs 590), is cited. In this case the plaintiff fell on some refuse matter on the floor of a market house. She stepped onto the refuse at the same instant she saw it and recognized that it might cause her to fall.

Both parties cite Woolworth Co. v Saxton, 39. Oh Ap, 118; (10 Abs 574). Here plaintiff in error insisted that because defendant in error said that she did not observe the oily place on the floor on which she fell she was chargeable with contributory negligence in not looking at the floor ahead of her. It is obvious that she may have been looking where she was walking as ordinary care required and not have seen a greasy spot on the floor in the aisle. In the instant case the knowledge by plaintiff of the dangerous object and its location is established on her own testimony.

We have been content to discuss Ohio cases only. It is impractical to undertake

to reconcile the decisions of the various states. However, one case of another jurisdiction has arrested our attention which is cited by counsel for plaintiff to support the proposition that one who has knowledge of a dangerous situation, but as a result of momentary forgetfulness, produced by absorption in the business at hand, steps into that danger, is not as a matter of law, guilty of contributory negligence. The case to which we refer is Scriver v Lowe, 32 Ontario Reports, 290. Defendants, in making electrical connections in a bath room, left two holes exposed when they left the job. Plaintiff, in their absence, went into the bathroom to use the lavatory and observed the holes as she went into the room. On leaving she stepped into one of them and was injured. The court in discussing the question of plaintiff's contributory negligence said: ·

"In the present case, the plaintiff, seeing at first the danger, did not walk into it. She turned aside to wash her hands, and her attention became thus so diverted that she forgot one place of danger in seeking to avoid another. Opinions and conclusions among men differ as to whether she was to be excused, or blamed, i.e., whether she was negligent or not and in such case, the better course is to leave it to the jury."

"It was a case of 'momentary forgetfulness,' and that, in my judgment, does not constitute negligence. Plaintiff had not seen the holes in the floor before the occasion in question. She stepped over the one at the door, when she saw the other in front of the washstand, which she went to the bathroom to use. Instead of standing in front of the washstand, to avoid the larger hole, she stood at the end of it, and her skirts apparently covered the other. After performing her ablutions, she turned around to leave the stand, and, in turning, one of her feet went into the other hole, and the injury was occasioned thereby. To my mind, there could be very little doubt as to the inference to be drawn from these circumstances, but it was not for the judge to say; it was a question of fact as to what was the proper inference to be deduced from the facts in proof, and in that case it was for the jury to decide."

There is one distinction to be made between the cited case and the instant case, namely, the defendants were negligent in leaving both holes exposed. The negligence of the defendants caused the plaintiff to devote her attention to the one hole and thereby distracted her attention from the other hole, into which she stepped. The court took the position that in avoiding one dangerous condition that the defendants had created, plaintiff encountered another dangerous condition which defendants had created. There is little distinction between the cases and if the Ontario case was controlling upon this court we would be disposed to hold that the plaintiff was not chargeable with contributory negligence, as a matter of law.

We are of opinion that it would be unsafe practice to inject into the law of negligence a doctrine of excusing due care upon the theory of temporary forgetfulness. If this were done, if one failed to look seasonably or to stop at an intersection where another had the right of way or to exercise his faculties in any given situation there would always be present the element of temporary forgetfulness and we would be concerned with a state of mind, which heretofore has not been permitted to be considered.

In our judgment, the trial court committed no error in directing the verdict for defendants at the conclusion of plaintiff's case. Judgment will, therefore, be affirmed.

KUNKLE and BARNES, JJ, concur.