## LEONARD BROS. v. ZACHARY.

### No. 13367.

Court of Civil Appeals of Texas.
Fort Worth.

May 1, 1936.

Thompson & Barwise and Luther Hudson, all of Fort Worth, for appellant.

J. R. Black, of Fort Worth, for appellee.

SPEER, Justice.

Mrs. M. E. Zachary sued Leonard Bros., a corporation, for damages resulting from injuries received on about November 8, 1934. We shall refer to the parties as they appeared in the trial court.

The pleadings of plaintiff show, in substance, that defendant is a corporation, operating a department store in the city of Fort Worth, its building occupying practically all of the block lying between First and Second streets on the north and south and Houston and Throckmorton streets on the east and west; that this building had a drainage pipe on its north side which was designed to permit rainwater falling on the building to escape on to the First street side into the gutter and thence into the storm sewers of the city; that the defend-

ant kept and maintained water tanks, boilers, and a laundry in connection with its business; that at and before the time plaintiff received her injuries there was, in the city of Fort Worth, a valid law and city ordinance requiring all persons in the city to connect all wash stands or slop stands in the house or yard to sewers and "prohibiting any person to allow any slop, wash or waste water of any kind to flow over the pavement or under the pavement, on or into the streets"; that at the time plaintiff received her injuries the defendant was, in violation of said ordinance, permitting large quantities of waste water from its equipment so used in connection with its store building to escape on to the pavements adjacent to the sidewalk and permitted the water to flow in the street around the building; that the water permitted by the defendant to so flow into the gutter and on to the street had a milky appearance, and at the point where it was being discharged from the pipes into the gutter foam had collected which had the appearance of soapsuds, and that the water was being discharged from defendant's laundry and machinery used in connection with its said store, and that during business hours many automobiles are parked and operated around the building, causing the water to be splashed on to the sidewalk, making it unsafe for customers and persons using the sidewalk as plaintiff was doing and had a right to do; that on the day plaintiff received her injuries she had entered defendant's store for the purpose of purchasing merchandise, and had left the store at the west entrance on Throckmorton street, and was walking south on that street and adjacent to defendant's building, approaching the southwest corner of the block. A passing automobile, going off of Second street and onto Throckmorton street, ran its wheels into the water, splashing it onto the sidewalk in front of the plaintiff as she was about to enter Second street, thereby causing the sidewalk to become slippery, and she, for that reason, was unable to retain her footing and fell to the sidewalk and into the gutter, fracturing the humerus bone in her right arm, resulting in the damages claimed.

Plaintiff alleged the negligence of defendant to be (1) the violation of the city ordinance; (2) in failing to keep the sidewalk in connection with its place of business in a safe condition for its customers to make ingress and egress to and from its store building; and (3) in failing to make provisions for the keeping of its sidewalk free from waste water which it discharges from its laundry, boilers, water tanks, and other equipment in its building.

The defendant answered with a general denial and special answers to the effect (1) that it in no way violated the city ordinance requiring that wash stands and similar fixtures be attached to sewers; (2) that the sole proximate cause of such injuries as were sustained by plaintiff was the unlawful act of the driver of an automobile passing from Second to Throckmorton street while cutting a corner, causing the wheels of his car to run within a short distance of the curb where plaintiff was walking, splashing water from the gutter onto the sidewalk, which act of the driver was prohibited by a valid ordinance of the city of Fort Worth; (3) that the unknown driver of the car was also violating another penal ordinance of the city of Fort Worth which regulates the speed at which automobiles may be driven in said city, specifically referring to the respective ordinances alleged to have been violated; (4) that, if the unlawful acts of the unknown driver of the automobile were not the sole cause of the injuries sustained by plaintiff, they constituted an independent, intervening cause, and thereby prevented any alleged negligent act of the defendant becoming the proximate cause of the injuries sustained by the plaintiff; other defenses were urged, such as contributory negligence on the part of plaintiff, and that, if any water was passing from its building at the time of the accident, it was not soapy water, but the kind of pure unpolluted water used by the inhabitants of the city.

At the conclusion of the testimony, the defendant presented a motion accompanied by a request for a peremptory instruction for a verdict in favor of the defendant. The request was denied by the court. The defendant in its motion for new trial raised many questions in support of the request, among which was that special issue No. 3 was an assumption on the part of the court that, if defendant permitted waste water to escape from its building through the pipe into the gutter and on to the street, it was guilty of negligence.

Defendant's assignments of error Nos. 4, 5, 6, 7, 8, 9, 10, and 14 complain of the action of the court in refusing to give its special requested charge for a verdict. We have concluded the requested instruc-

tion should have been given, and our reasons will be mentioned later in this opinion.

The case was submitted to a jury upon special issues. The court gave the following definition of proximate cause: "By the term 'proximate cause' as used in this charge is meant the moving and efficient cause, without which the accident in question would not have happened; an act or omission becomes the proximate cause of an accident whenever such accident is the natural and probable consequence of the act or omision in question, and one that ought to have been foreseen by a person of ordinary care and prudence, in the light of the attending circumstances. It need not be the sole cause, but it must be a concurring cause and one which contributed to the production of the result in question and but for which such result would not have occurred."

A definition of unavoidable accident was given, and the first issue inquired if the accident was an unavoidable one, which the jury answered in the negative.

Special issues Nos. 2 and 3 were propounded and answered in the following language:

"2. Do you find from a preponderance of the evidence that the defendant, Leonard Brothers, discharged waste water from its building into the gutter adjacent to its sidewalk at the time and on the occasion when the plaintiff, Mrs. Zachary, was leaving the defendant's store? Answer: Yes.

"3. Do you find from a preponderance of the evidence that the act, if any, on the part of the defendant in discharging waste water from its building into the gutter adjacent thereto was a proximate cause, as that term is herein defined, of the injuries, if any, received by the plaintiff? Answer: Yes."

These were followed by inquiries as to the amount of damages and the matter of contributory negligence; damages in the sum of $1,250 were named; and the question of contributory negligence was answered against defendant's contention. Upon the answers of the jury to the issues submitted, judgment was rendered for plaintiff for $1,250.

■ Now reverting to what we have said about the requested peremptory charge, we are fully convinced that the city ordinance requiring all persons to connect all wash and slop stands, in the house or yard, with sewers, and prohibiting any slop, wash, or-waste water of any kind to flow over or under the pavements or into the streets of the city of Fort Worth, and providing a penalty for its violation, was designed as a sanitary provision for the benefit of public health and possibly for the protection of property rights of others; and a violation of the ordinance does not constitute negligence per se when taken in connection with an action such as that of plaintiff's. This principle has been adhered to by the courts of this and other states many times.

The universal rule applicable to the conclusion reached by us on this point is stated by Corpus Juris, vol. 45, pp. 726 and 727, in the following language:

"Purposes to be Accomplished—(1) In General. In determining whether there has been such violation of a statute or ordinance as may constitute negligence regard must be had to the purpose of the enactment, the dangers against which it was intended to afford protection, and the injuries which it was intended to prevent, and it cannot be extended by construction so as to impose a duty beyond that which it was the legislative intention to impose. Accordingly, if none of the consequences which the statute or ordinance was intended to guard against have ensued from its violation, such violation does not amount to negligence, even though some other injurious consequence has resulted; but in such case the liability, if any, must rest solely on common-law negligence."

"Person to be Protected—(1) In General. In order that violation of a statute or ordinance may constitute negligence it is necessary that the duty created thereby should have been for the benefit of, or should have been owed to, the person claiming to have been injured through the violation, that is, he must be a person for whose protection the statute or ordinance was designed."

It was said by our Court of Civil Appeals, in the case of Franklin v. Houston Electric Co., 286 S.W. 578, 580: "It is a general rule that, where a statute or municipal ordinance imposes upon any person a specific duty for the benefit of others, if he neglects to perform such duty, he is liable to those for whose benefit it was imposed for any injuries of the character which the statute or ordinance was designed to prevent, and which were proximately produced by such neglect, but, to render such person liable solely because of such neglect, the injury complained of must be such as the legislation was intended to prevent. A showing

only that such person neglected a duty imposed by law, and that the injured party would not have been injured if the duty had been performed, would not entitle such party to a recovery. Although a violation of a statute is negligence per se, there must be a causal connection between the unlawful act and the injury, which must be shown in the pleading and by proof, or the action must fail."

A similar question was before the Supreme Court in the case of Missouri, K. & T. R. Co. v. Saunders, 101 Tex. 255, 106 S.W. 321, 14 L.R.A.(N.S.) 998, 16 Ann.Cas. 1107, where it was claimed as negligence per se for a railway company to violate a statutory provision for the sounding of the whistle at highway crossings, and the substance of the holding was that the omission of the signals required by statute on approach of a train to a highway crossing can be treated as negligence in law only in cases of those using such highway; as to those on the track at other points the question of negligence in such omission is one of fact. The very recent case of Texas-Louisiana Power Co. v. Webster (Tex.Sup.) 91 S.W. (2d) 302, reaffirms this rule. Cases from other states, cited by defendant, are Flynn v. Gordon, 86 N.H. 198, 165 A. 715, by the Supreme Court of New Hampshire; Miller v. East Ohio Gas Co., 35 Ohio App. 113, 172 N.E. 300, from Ohio; and they recognize the general rule as stated by us to be that a violation of an ordinance or statute does not of itself furnish the required proof of negligence of one who is not within the class of persons designed by the law to be protected by its terms, but in such cases negligence must be alleged and proven as if no violation of a law had been had.

It will be seen by special issue No. 2, submitted by the court, the question of negligence upon the part of Leonard Bros. was not presented to the jury, but that issue was evidently submitted upon the theory that the violation of the city ordinance constituted negligence as a matter of law, and the only material inquiry was as to whether or not waste water was caused to be discharged from the building to the gutter adjacent to the sidewalk. No other issue was given or requested by the plaintiff as to whether or not defendant was guilty of negligence, and, there being no other act of negligence pleaded by plaintiff, none could have been presented in the charge. Defendant's third assignment of error again brings this matter before us.

It is contended by plaintiff, appellee here, that defendant's assignments of error on this point should not be considered by this court, for the reason the defendant had not previously raised the issue that the ordinance was not passed to protect persons in plaintiff's class or that the injuries received by plaintiff was not the character of consequence sought to be prevented by the enactment of the ordinance.

Plaintiff based her alleged cause of action against the defendant solely upon the theory that a valid city ordinance existed prohibiting the defendant from doing the things she charges it to be guilty of. The defendant answered with a general denial and special answers; thus the issue was made. The testimony offered showed indisputably she was not claiming damages for injuries to her health as a result of any noxious fumes or offensive odors emanating from a nuisance occasioned by the polluted waters, nor did it appear that a property right had suffered on account of the violation of the ordinance by defendant. Defendant's objections and exceptions to the court's charge show it contested the charge on this point, claiming there was an assumption by the court that defendant was guilty of negligence if in fact it had violated the ordinance.

We consider the issue is in the case, was not waived by the defendant, and that it has been properly brought forward in this appeal, and that its assignments of error raising the point should be sustained. The requested peremptory instruction should have been given.

It perhaps is unnecessary that we go farther in this opinion, but we will add, defendant's assignment of error No. 11 complains that the court's definition of proximate cause was incomplete in that it did not include the element of new and independent cause. There is no set rule for the definition of proximate cause applicable to all cases. Each case must be considered from the pleadings and evidence before the court. If it were otherwise, it is safe to say no jury would ever be able to understand the meaning of all expressions and contingencies enumerated by a court in an effort to submit such a definition.

The rule adhered to by us on this point is well illustrated in the case of Texas & P. Ry. Co. v. Bigham, 90 Tex. 223, 38 S.W. 162, 164. That was a case growing out of an injury received by Bigham when it was shown that a defective fastening on a gate to a

pen inclosing livestock gave way when the cattle were frightened by a passing engine and the question of new and independent cause arose. The court reasoned:

"Let us ask the question which was propounded in Milwaukee Ry. Co. v. Kellogg [(94 U.S. 469, 24 L.Ed. 256) previously cited in the case]:

"'Was there an unbroken connection between the wrongful act and the injury,—a continuous operation?' We think not. But for the defective fastening to the gate, the injury could not have happened. Hence the alleged negligence of the defendant brought about the condition that rendered the accident possible. The active cause which produced the injury was wholly independent of the negligence of the defendant, and wholly disconnected from it.

"Ought the agents of the company to have foreseen that, as a result of the imperfect fastening of the gate, the injury, or any injuries similar in character, would probably result? In our opinion, nothing short of prophetic ken could have anticipated the happening of the combination of events which resulted in the injury of the person of the plaintiff."

For the purposes of this opinion, assuming that the defendant did permit the waste water to escape from its building as alleged by plaintiff, and that it ran down the street adjacent to the sidewalk and thereby created a condition rendering it possible the accident could happen, yet can it be said the defendant could reasonably have foreseen that some other person would drive his automobile at a time and place to splash this water from the gutter to the sidewalk and on to the feet of plaintiff in a way that would cause the accident. It must be admitted the nature of this accident was a very rare one. Not impossible, of course, for it did happen. But should the defendant have anticipated that such a thing would likely happen? We must hold the question of new and independent cause was in the case, as a matter of fact, and that element of proximate cause should have been included in the court's definition. The assignment is sustained.

In the view we take of the law applicable to the case, we hold that upon a proper showing of the authenticity of the city ordinance regulating drivers of automobiles within the city of Fort Worth, as offered in evidence by the defendant and rejected by the court upon objection by plaintiff, the ordinance should have been admitted in evidence.

For the error herein shown in refusing the peremptory instruction, we reverse the judgment of the trial court and render judgment for the defendant.