## SUMAN v GAGEL, Exr.

Ohio Appeals, 2nd Dist, Montgomery Co.

No. 1634. Decided June 4, 1940.

John W. Dale, Dayton, and A. K. Meck, Dayton, for plaintiff-appellant.

Carroll and John M. Sprigg, Dayton, for defendant-appellee.

## OPINION

### By HORNBECK, PJ.

This is an appeal on questions of law from a judgment in favor of the defendant and against the plaintiff and dismissing the petition.

Plaintiff's action was for damages for personal injuries claimed to have been suffered by her when she fell from a common landing which it was claimed had been permitted to become in a state of disrepair by her landlord. Issues were drawn and the cause came on to trial to judge and jury.

Plaintiff's counsel in his opening statement, among other things, said,

"We shall prove or attempt to prove that about seven weeks prior to the time of the accident, one of the tenants rammed against this same railing and it became dangerously loose and to warn everybody that might come near it about the dangerous condition, she put a sign, or her husband put a sign, on this railing, something to the effect of 'railing broken', and further that on the morning of the alleged accident, Mrs. Suman had her back to this railing and was talking there with this tenant and his wife, and, never thinking about this insecure railing behind her, she stepped back, touched it and went over and fell to the ground."

At the conclusion of the opening statement counsel for defendant moved for judgment because of that portion of the statement heretofore quoted. Counsel for plaintiff was given opportunity to modify or explain the subject matter of his opening statement which he did not elect to do. Thereupon the jury was discharged and the court entered judgment for the defendant, holding that, as a matter of law, the plaintiff under the admitted facts was chargeable with contributory negligence.

The assignment of error consists of two grounds but will be determined by the one question of law involved which we have heretofore stated.

Plaintiff urges that notwithstanding it is admitted that she was injured because she temporarily forgot the warning of the unsafe condition of the railing, she is entitled to have the factual question whether or not she was negligent submitted to the jury.

A number of cases are cited in the respective briefs but we are content to follow our decision in **Ponosetti v Frosh, 15 Abs 626** and the cases in support thereof which are cited in the opinion, namely, **Harmony Realty Co. v Underwood, 118 Oh St 576, Miller v East Ohio Gas Company, 35 Oh Ap 113, 8 Abs 571, Renner v Dublin Village, 5 Abs 35, Dempsey v Seibel, 6 Abs 656.**

Our conclusion of the law in the Panosetti case requires us to say that the plaintiff here under her own admission is chargeable with contributory negligence.

It is urged with much conviction by counsel for plaintiff that in the Panosetti case it must have been determined that Mrs. Panosetti deliberately backed into a tricycle at a place where she knew it was standing. This clearly was not the basis of our opinion as will appear at the bottom of page 628 thereof,

"In the instant case it is not necessary to know that the plaintiff gave any thought to the location of the tricycle when she stepped into it. A failure to exercise her mental function would be as negligent as if she had acted consciously. It is highly probable that she temporarily forgot the location of the tricycle or failed to think of it when she stepped back into it but as

a reasonably prudent person, can she be heard to say that she should not, in the exercise of ordinary care, have kept the location of the tricycle in mind for the few minutes elapsing between the time when it was placed to the left in the aisle until she fell over it?"

Plaintiff cites Thompson on Negligence, §§186, 188, Schaefler v Sandusky, 33 Oh St 246; City of Richmond v Mulholland, 116 Ind. 173 and Kane v Northern Central Ry. Co., 128 U. S. 91 (N. R. S. 16). Of these cases the last one cited gives us some concern because there is considerable similarity in facts and the eminence of the authority is of compelling force as to the law pronounced. However, the law of every case depends upon the underlying facts.

In the Kane case, decided in 1888, Kane, a brakeman, whose duty it was to brake the train from a certain car back to the caboose, in his rounds discovered that the third car from the caboose had one step off at the end nearest the engine and immediately called the attention of the conductor to the fact. The conductor promised to drop the car off at the next junction on the trip if it did not contain perishable freight. Some hours after when the train stopped, having not yet reached the junction, plaintiff went to the caboose to eat his breakfast and warm himself. While the plaintiff was eating his breakfast the train moved off. Plaintiff hurriedly left his post, so fast in fact that he did not take his coat and gloves and upon reaching the car on which the step was off and attempting to let himself down from it he forgot the missing step and by reason thereof fell upon the railroad track and lost both legs.

It will be noted that the night of the injury of the brakeman was very cold and stormy. It was snowing, freezing and sleeting. The train was covered with ice and snow. There was an interval between the time that the brakeman discovered the missing step and the time when the accident occurred. The brakeman was called upon to go on to the car from which he fell by way of emergency, being hurried by the movement of the car before he had completed his meal. Justice Harlan, writing the opinion and in stating some of the reasons why the case should have gone to the jury, said,

"But in determining whether an employee has recklessly exposed himself to peril or failed to exercise the care for his personal safety that might be reasonably expected, regard must always be had to the exigencies of his position,—indeed, to all the circumstances of the particular occasion. In the case before us the jury may not unreasonably have inferred from the evidence that while the plaintiff was passing along the top of the cars for the purpose of reaching his position, he was so blinded or confused by the darkness, snow and rain, or so affected by the severe cold that he failed to observe in time to protect himself that the car from which he attempted to let himself down was the identical one which, during the previous part of the night, he had discovered to be without its full complement of steps."

It is further pointed out that it was obligatory upon the brakeman to reach his position at the earliest practicable moment and to use the car upon which there was the missing step.

It is not claimed in the instant case that any similar exigencies existed with which the plaintiff in the Kane case was confronted.

We do not undertake to announce the doctrine that in all instances where one may have known of a dangerous condition and thereafter is injured by reason thereof that he is chargeable with contributory negligence as a matter of law. Every case must be grounded upon the situation there presented.

In Ohio we no longer have the scintilla rule by which it is determined whether or not the facts are required to be presented to the jury but the test is whether reasonable minds could reach more than one conclusion on the facts. Hamden Lodge, etc. v O. F. Gas Company, 127 Oh St 469.

Plaintiff not only had been apprised of the danger of the railing against which she leant and through which she fell

but it was a continuing, subsisting notice. At the very moment that she fell the sign was there for her to read.

It is our judgment that but one conclusion can be drawn from the facts, namely, that plaintiff was chargeable with a failure to exercise due care under all the circumstances. The court committed no prejudicial error in entering judgment in behalf of the defendant.

Judgment affirmed.

BARNES, J., concurs.
GEIGER, J., dissents.

**APPLICATION FOR REHEARING**

No. 1634. Decided June 14, 1940.

BY THE COURT:

Submitted on application of plaintiff-appellant for rehearing.

We find no determinative question in this case set forth in the application which we did not consider and discuss in our original decision.

The application will be denied.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.