EDWARDS & DEUTSCH LITHOGRAPHING CO. v. BOORMAN et al.

(Circuit Court of Appeals, Seventh Circuit. June 9, 1926. Rehearing Denied September 29, 1926.)

No. 3685.

1. Copyrights ⊕4.

Under Copyright Act, § 5 (Comp. St. § 9521), publication, consisting of interest and discount time teller *held* to constitute a "compilation" subject to copyright.

[Ed. Note.—For other definitions, see Words and Phrases, Compile—Compilation.]

2. Copyrights ⊕53.

Publication, in order to constitute infringement of copyright, need not be copied directly from copyrighted article; it being sufficient if copy is made from memory, even without conscious plagiarism.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Copyright infringement suit by the Edwards & Deutsch Lithographing Company against F. C. Boorman, doing business under the name and style of Twentieth Century Company, and another. Decree dismissing the bill, and plaintiff appeals. Reversed and remanded, with directions.

Clarence J. Loftus, of Chicago, Ill., for appellant.

Geo. A. Chritton, of Chicago, Ill., for appellees.

Before ALSCHULER, EVANS, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. Suit by appellant against the appellees for infringement of a copyright for an interest and discount time teller. The trial court dismissed the bill for want of equity. No memorandum was filed, but we may assume that the same questions were presented below as were argued here. No question is made as to the regularity of the proceedings to procure the copyright, and the ownership is admitted. Since 1915 appellant has for each successive year prepared, printed, published, and distributed the copyrighted work under the title of "Heinz Interest and Discount Time Teller." Recently appellees put out a similar compilation, and in defense of this suit urge, first, that the copyright is invalid, the insistence on this point being that the subject-matter is not copyrightable; and, second, that their production, which they call a "maturity calendar," does not infringe.

The copyright statute, in naming the

classes of works for which copyright may be claimed, in section 5 (Comp. St. § 9521) specifies: "(a) Books, including composite and cyclopedic works, directories, gazeteers and other compilations." The Century Dictionary defines compilation as "(2) the gathering of materials for books, documents, tables, etc., from existing sources;" and (3) that which is compiled." Appellant in its brief well says that its "copyrighted publication comprises a new, original arrangement, combination, and collocation of matter forming a composite work, having two separate pages for each business day, each pair of pages carrying a comprehensive diagram, so arranged, composed, and positioned in contrasting colors, with words, markings, and numerals, as to furnish at a glance to the banker, without computation, practically all information pertaining to time on commercial paper."

[1] The appellant seeks to protect a copyright upon a certain combination of words, figures, and symbols in contrasting colors, so selected, ordered, and arranged as to give the banker "at a glance" the information desired. Under the authorities, and in the view of the copyright law, this time teller is a writing and the person designing and producing it is an author. Under the statute, giving words therein used their proper signification, the appellant's publication is at least a compilation. Copyright Bulletin No. 15, defining what may be copyrighted under the term "books," says: "The term 'book,' as used in the law, includes tabulated forms of information, frequently called charts, tables of figures showing the results of mathematical computation, such as logarithmic tables, interest, cost and wage tables."

By administrative construction appellant's publication is a book. "Copyright may justly be claimed by an author of a book who has taken existing materials from sources common to all writers, and arranged and combined them in a new form, and given them an application unknown before, for the reason that, in so doing, he has exercised skill and discretion in making these selections, arrangements, and combinations, and, having presented something that is new and useful, he is entitled to the exclusive enjoyment of his improvement, as provided in the copyright act." Justice Clifford in Lawrence v. Dana, Fed. Cas. No. 8,136.

Justice Story, in Emerson v. Davies, Fed. Cas. No. 4,436, in sustaining the copyright of Emerson's North American Arithmetic, said: "The book of the plaintiff is, in my judgment, new and original in the sense in which those words are to be understood in cases of copyright. The question is not whether the materials which are used are entirely new, and have never been used before, or even that they have never been used before for the same purpose. The true question is, whether the same plan, arrangement and combination of materials have been used before for the same purpose or for any other purpose. If they have not, then the author is entitled to a copyright although he may have gathered hints for his plan and arrangement, or parts of his plan and arrangement, from existing and known sources. He may have borrowed much of his materials from others, but if they are combined in a different manner from what was in use before, and a fortiori, if his plan and arrangement are real improvements upon the existing modes, he is entitled to a copyright in the book embodying such improvement."

In this case Emerson had copyrighted an arithmetic for young learners. Of course, the materials of which it was composed were old and in the public domain; but his copyright covered and protected the particular plan, arrangement, and combination which he had set forth in his book. These early cases have been frequently cited and relied upon, and the text-books on the subject of copyright lay down the same rules and principles. Appellant's copyright is valid as a copyright of a plan, arrangement, and combination of materials in a particular way and for a particular purpose. The materials used are all old and in the public domain, but the selection, the ordering and arrangement, are new and useful, and copyrightable.

[2] In deciding the question of infringement, the first and most obvious thing to do is to compare the productions themselves. The copyrightable feature of appellant's production being a particular plan, arrangement, and combination of materials, the identity of such plan, arrangement, and combination of similar materials, found in appellee's production, not only suggests, but establishes, the claim of copying. Appellees' position, however, is that, having explicitly denied that they copied appellant's production, and having sworn positively that they got their ideas from other sources, and no one having sworn to the contrary, the court was bound to find no copying and therefore no infringement. The cases are numerous where such situations have aris-

en and the same claim has been made without avail.

It is not necessary, in order to hold against this contention, that appellees swore falsely, or that they consciously followed appellant's work. They had sold and handled appellant's publication for several years. They must have become very familiar with the plan, arrangement, and combination set forth in it. One may copy from memory. It is not necessary to such act that the copied article be before him at the time. Impressions register in our memories, and it is difficult at times to tell what calls them up. If the thing covered by a copyright has become familiar to the mind's eye, and one produces it from memory and writes it down, he copies just the same, and this may be done without conscious plagiarism. In this case, in all the essentials of the thing copyrighted, similarity amounts to identity, and the evidence establishes infringement.

Reversed and remanded, with directions to enter a decree for appellant.