## CARR v. NATIONAL CAPITAL PRESS, Inc.

### No. 6122.

Court of Appeals of the District of Columbia.
Argued April 6, 1934.

Decided May 7, 1934.

H. L. McCormick, of Washington, D. C., for appellant.

Paul V. Rogers and William E. Furey, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

ROBB, Associate Justice.

Appeal from a decree in the Supreme Court of the District sustaining appellee's motion to dismiss appellant's bill alleging infringement of a copyright. See Ansehl v. Puritan Pharmaceutical Co. (C. C. A.) 61 F. (2d) 131.

Appellant's copyrighted card comprises on the right side Gilbert Stuart's portrait of George Washington in an inconspicuous oval frame and occupying about one-third of the card. In the upper left of the card is a spread eagle standing on the United States shield, with the customary stars in a blue field across the top and vertical red and white stripes comprising the lower portion of the shield. Below this shield in large type is the lettering:

"GEORGE WASHINGTON
"BICENTENNIAL
"1732          1932"

Appellee's card comprises a similar portrait of Washington in the same inconspicuous oval frame and occupying about one-third of the card on the right side. Across the upper left of the card is a spread eagle, below which is the outline of a large shield, and within the shield is printed, "The American's Creed," in 18 lines of small type.

A copyright grants to the author or publisher the exclusive right of multiplying copies of what he has written or printed. "It follows that to infringe this right a substantial copy of the whole or of a material part must be produced." Perris v. Hexamer, 99 U. S. 674, 675, 25 L. Ed. 308. In White-Smith Music Co. v. Apollo Co., 209 U. S. 1, 28 S. Ct. 319, 323, 52 L. Ed. 655, 14 Ann. Cas. 628, the court quoted with approval the following: "A copy is that which comes so near to the original as to give to every person seeing it the idea created by the original." In Wilson v. Haber Bros. (C. C. A.) 275 F. 346, 347, it was said that the "infringement of a copyright consists in the copying of some substantial and material part thereof." And in determining what is a substantial and material part of a copyright, a variety of circumstances must be considered. That is to say, the value of the part appropriated; its relative value to each of the works in controversy; the purpose it serves in each; how far the copied matter will tend to supersede the original or interfere with its sale; and other considerations. Drone on Copyright, p. 414.

Coming now to consider appellant's card, it is at once apparent that its principal features, consisting of the portrait of Washington and the United States shield, are not susceptible of exclusive appropriation. See In re Wm. Connors Paint Mfg. Co., 27 App. D. C. 389. The most that appellant may rightfully claim is that she has evolved an original combination of matter which standing alone would not be subject to copyright. Eggers v. Sun Sales Corp. (C. C. A.) 263 F. 373.

Appellee has copied the Gilbert Stuart portrait of Washington, but the remainder of the card is very different from appellant's, and in our view satisfies the requirement that the use, in a combination, of common subject-matter not copyrightable by itself must be such as readily to distinguish the second combination from the first. We think that has been accomplished by appellee in the present case, and therefore affirm the decree.

Affirmed.