## SMITH v. THOMPSON.

### No. 1364-BH.

District Court, S. D. California, Central Division.

June 18, 1941.

Supplemental Opinion July 25, 1941.

Edward C. Purpus, of Los Angeles, Cal., C. Earl Hovey, of Kansas City, Mo., and Harold W. Mattingly, of Los Angeles, Cal., for plaintiff.

Robert W. Fulwider and John Price, Jr., both of Los Angeles, Cal., for defendant.

HARRISON, District Judge.

In this case, I have arrived at the following conclusions:

Patent No. 1,997,889 is invalid. Primarily the basis of this patent is mere substitution of materials. However, I am basing my conclusions principally on the fact that I feel no invention is involved. In view of the prior art, I feel that any advancement made by the paintiff was the re-

sult of mechanical skill, that is, the exercise of the skill of the art.

The file wrapper reflects that this patent, has had a tempestuous voyage through the Patent Office, and my conclusions are in accord with the original rulings of the examiner. I believe the facts in this case overcome the presumption of validity.

The original testimony of witnesses skilled in the art, relative to the prior use of the materials and methods set forth in the plaintiff's patent, is very convincing and such evidence was properly admitted as it is my understanding that Title 35 U.S.C. A. § 69 has been superseded by the New Rules of Civil Procedure, 28 U.S.C.A. following section 723c. See Municipal Street Sign Co. v. City Street Sign Corp., D.C., 30 F.Supp. 795-799; Moore's Federal Practice under the New Federal Rules, Vol. 1, p. 73.

*Copyright Violation*

This is a close question, however, I have concluded that the copyright is valid and has been infringed. I feel that the case of Ansehl v. Puritan Pharmaceutical Co. et al., 8 Cir., 61 F.2d 131 is controlling. However, there is no question in my mind that the defendant deliberately pirated the material for his chart from plaintiff, notwithstanding his testimony to the contrary.

*Trade Mark*

The defendant must prevail on this phase of the case. To my mind the two trade marks are not deceptively similar. I cannot see how ordinary purchasers, buying with ordinary caution, are likely to be misled.

*Unfair Competition*

Plaintiff is entitled to prevail. But the only act of unfair competition is the use of the copyrighted chart. Other acts of defendant are in the twilight zone, but the facts, other than the use of the chart, do not warrant a finding that the public has been deceived by defendant's conduct.

Each side shall submit and serve within fifteen days proposed findings and each side shall have an additional fifteen days to submit objections to their opponent's proposed findings. I am allowing the additional time for the presenting of objections due to the distance between the office of counsel for the plaintiff and the place of trial.

Supplemental Opinion.

Neither party being satisfied with the opinion of the court, heretofore rendered, each has requested the court to reopen the same for further argument.

Plaintiff feels that the court has failed to distinguish between the method and article claims and assumes from my short memorandum that my conclusions were based principally that I considered the patent solely as an article claim. Plaintiff is in error in this respect. It will be noted I stated: "Primarily the basis of this patent is mere substitution of materials". By that statement I meant to convey the idea that the patent had its inception in the substitution of materials. Plaintiff first substituted the materials and in the use of such substituted materials devised the method of application as set forth in claims 1 and 2.

While I feel that claims 3 and 4 are invalid because such claims involve a mere substitution of materials, I based my conclusions that none of the claims involved inventive genius. But to clarify my opinion, to facilitate the preparation of findings, I hold claims 1 and 2 invalid because of lack of novelty and inventive genius. Claims 3 and 4 are invalid because the claims cover a mere substitution of materials. To some, claims 1 and 2 might contain the spark that changes mechanical skill into inventive genius, but to me, the method adopted by plaintiff would occur to any person skilled in the art. It seems to me that it is carrying the protection of a monopoly too far. Any advance, if any, made by the plaintiff comes clearly within Atlantic Works v. Brady, 107 U.S. 192, 2 S.Ct. 225, 27 L.Ed. 438.

In view of the admission of plaintiff found on page 100 of the reporter's transcript, I believe I would be justified in finding claims 3 and 4 invalid because they come within the definition of aggregation (Lincoln Engineering Co. v. Stewart-Warner Corp., 303 U.S. 545, 58 S.Ct. 662, 82 L.Ed. 1008), but such a finding would be mere surplusage.

Plaintiff cites Eibel Process. Co. v. Minnesota & Ontario Paper Co., 261 U.S. 45, at page 60, 43 S.Ct. 322 at page 327, 67 L.Ed. 523; Townsend v. Lorraine, D.C., 283 F. 806, at page 810; Carson v. American Smelting & Refining Co., 9 Cir., 11 F.2d 766, 770; Carson Inv. Co. v. Anaconda Copper Mining Co., 9 Cir., 26 F.2d 651, at page 661, in support of his contention that prior knowledge or prior use to invalidate a patent must be proved beyond a reasonable doubt and oral evidence cannot be accepted as such strong proof. The correct rule under these authorities is: "Evidence to prove prior discovery must be clear and satisfactory". But using plaintiff's own yardstick, I am convinced beyond a reasonable doubt from the evidence that claims 3 and 4 are invalid because of prior use. Nor is it necessary to rely entirely upon oral testimony. Beside the oral testimony we have the "thing" referred to in Carson v. American Smelting & Refining Co., 9 Cir., 11 F.2d 766, 771, in defendant's Exhibit 6 known as the Spaulding Kit, which was manufactured in 1928. The plaintiff admits that his substituted materials were used on golf clubs, to wrap around the shaft just above the whipping, as well as upon the grip. It was but the natural thing to use it as plaintiff now uses it and as set forth in his patent.

I see no reason for changing my opinion on the invalidity of the patent.

Defendant in his motion urges that the court is in error in holding the copyright valid and infringed. As stated before, this count has presented some very close questions, and I am ready to concede that my conclusions as to infringement are not free from doubt. Defendant now calls the court's attention to the case of Dorsey v. Old Surety Life Insurance Company, 10 Cir., 98 F.2d 872, also found in 119 A.L.R. 1250, and if this case is to be accepted as a precedent, defendant should prevail. However, I am of the opinion that the following cases from the Second Circuit, to wit, Deutsch et al. v. Arnold et al., 98 F.2d 686; Nutt v. National Institute, Inc., 31 F.2d 236, should control. The facts in the case at bar are similar to these two Second Circuit cases. The evidence discloses the defendant as a former employee of plaintiff and upon leaving such employ immediately set himself up in business and copied in minute details the plaintiff's method of doing business. I am satisfied defendant deliberately copied plaintiff's copyrighted chart and studiously attempted to avoid infringement by certain changes in wording. I do not feel that the court should lend him a helping hand in his endeavors to avoid infringement. See, also, Edwards & Deutsch Lithographing Co. v. Boorman et al., 7 Cir., 15 F.2d 35.

The motions for resubmission are denied.

Findings shall be prepared in accordance with my former directions.