**SHULSINGER et al.**

**v.**

**GROSSMAN et al.**

United States District Court,
S. D. New York.
March 4, 1954.

Leon Shapiro, New York City, for plaintiffs..

Abraham Chaice, New York City, for defendant Eugen Grossman.

Jacob Hecht, New York City, for defendant M. P. Press, Inc.

DIMOCK, District Judge.

Plaintiffs move for an injunction pendente lite against the publication by defendants of a set of books entitled "The Pentateuch Mikraoth Gedoloth With Many Commentaries" which includes a copy of most of the text of a set of books published by plaintiffs under a title beginning "Mikraoth Gedoloth The Pentateuch With 60 Commentaries."

The books published by plaintiffs have been copyrighted. They consist of the five books of Moses: Genesis, Exodus, Leviticus, Numbers and Deuteronomy, printed in the Hebrew language with commentaries. Some of the commentaries are in the margins of the text of the Pentateuch and some in the form of an appendix.

The part of plaintiffs' books containing the text of the Pentateuch and the marginal commentaries was produced by photographing an edition of the five books of Moses published in Vilna in 1899, which is an exact copy of an earlier edition published in 1889, except for some changes in the commentaries. It is conceded that the marginal commentaries are in the public domain. Plaintiffs say that, in producing their books, they obtained the services of Hebrew scholars who carefully went over the Vilna edition and made many corrections in the accents and cantillation marks over the Hebrew characters. Plaintiffs claim to have spent $50,000 upon this editing and to have produced the first absolutely accurate edition of the five books of Moses. They do not claim that any of this work was creative but do claim that it is original in the sense that it was the product of the editors. I was told that the rules for the work done are well known and that anyone with the requisite scholarship could have done the work, although it was said that the work had never before been done with complete accuracy.

The process by which the plaintiffs' books were produced involved making photographic negatives of the pages of the Vilna edition, then making corrections upon those negatives, then making

printing plates from the negatives and, finally, printing the books from these plates.

The pages of the five books of Moses in defendants' books are perfect facsimiles of the pages of plaintiffs' books, even as to pagination, and include the marginal commentaries. The appendices differ from plaintiffs'. Defendants, who are respectively the publishers and printers of what I have referred to as defendants' books, conceded upon argument that their books had been produced by the same photographic process as plaintiffs' but both defendants denied under oath that plaintiffs' books had been copied. Nevertheless, when I requested that defendants supply me with the material which had been photographed to produce their books, I was supplied with several books, none of which could have been the model for defendants' books without some such amendments as plaintiffs made to the old Vilna edition. Indeed, none of the works supplied as having furnished models for defendants' books contain these amendments which plaintiffs had made to the Vilna edition. I find, therefore, so far as necessary for the motion for an injunction pendente lite, that defendants' books were produced by photographing the pages of plaintiffs' books.

Defendants contend that the five books of Moses are in the public domain and not subject to copyright. The law is to the contrary as to an edition of the five books of Moses with accents and cantillation marks supplied by the scholarship of the authors. On the argument I suggested that their work was much like the work in production of a set of logarithmic tables and was interested to find on research that logarithmic tables have been specifically ruled by the Register of Copyrights to be subject to copyright. This appears in the opinion of Edwards & Deutsch Lithographing Co. v. Boorman, 7 Cir., 15 F.2d 35, certiorari denied 273 U.S. 738, 47 S. Ct. 247, 71 L.Ed. 867. In that case, a publication described as Heinz Interest and Discount Time Teller was held subject to copyright. As Judge Learned Hand pointed out in Fred Fisher, Inc., v. Dillingham, D.C.S.D.N.Y., 298 F. 145, two identical works may each be original. Thus, if defendants had employed scholars and the scholars had made the same corrections in the Vilna edition as did the scholars employed by plaintiffs, defendants' books would not have infringed plaintiffs' copyright. In the light, however, of my finding that defendants have photographed plaintiffs' books instead of paying to have scholars make the corrections by original work, I am forced to the conclusion that defendants have infringed plaintiffs' copyright.

An injunction pendente lite will issue.