Charles **MINER**, Appellant,

v.

**EMPLOYERS MUTUAL LIABILITY IN-
SURANCE COMPANY OF WIS-
CONSIN**, Appellee.

No. 12767.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 14, 1955.

Decided Jan. 12, 1956.

Mr. Warren W. Grimes, Washington,
D. C., for appellant.

Mr. Bernard F. Garvey, Washington,
D. C., for appellee.

Before BAZELON, WASHINGTON
and BASTIAN, Circuit Judges.

PER CURIAM.

Plaintiff-appellant's complaint in the District Court alleged that a form of insurance policy devised and copyrighted by him had been copied by the appellee. The complaint rested in part at least on the theory that the substance of the coverage given by plaintiff's policy, namely, insurance against loss from failure to record chattel mortgages and like instruments, cannot be provided by other persons or companies without infringing his copyright. That theory must fail: others remain free to compete by offering similar coverages. See Dorsey v. Old Surety Life Insurance Co., 10 Cir., 1938, 98 F.2d 872, 874, 119 A.L.R. 1250.[1] Plaintiff also alleged that defendant's policy form is so closely parallel in its terms to plaintiff's as to constitute an infringement. As to this, the District Court held that "there is no similarity in the arrangement of words of plaintiff's policies and the arrangement of words in defendant's policy and that defendant has not appropriated in the exact form or substantially so plaintiff's copyright material." The court was not in error in so holding. It did not pass, and we find it unnecessary to pass, upon the validity of plaintiff's copyrights. The court correctly concluded "that assuming that plaintiff's copyrights are valid, there has been no infringement thereof by defendant."

No genuine issue of material fact was raised.[2] The action of the District

1. Cases cited by plaintiff, involving former employees and other persons in privity, are of course distinguishable. Smith v. Thompson, D.C.S.D.Cal.1941, 43 F. Supp. 848, and cases there cited.

2. Plaintiff alleged, and defendant denied, that the latter had had knowledge of and access to plaintiff's policy form. But this seems an immaterial issue under all the circumstances of the instant case,

Court in granting summary judgment in favor of the defendant-appellee will accordingly be

Affirmed.

especially since there is no similarity in language. Cain v. Universal Pictures Co., D.C.S.D.Cal.1942, 47 F.Supp. 1013, 1015; cf. Chamberlin v. Uris Sales Corp., 2 Cir., 1945, 150 F.2d 512; Carr v. Na-

tional Capital Press, 1934, 63 App.D.C. 210, 71 F.2d 220.