**CONSOLIDATED MUSIC PUBLISHERS, INC., Plaintiff,**

v.

**ASHLEY PUBLICATIONS, INC., Defendant.**

United States District Court
S. D. New York.
May 25, 1961.

Zissu, Marcus & Stein, New York City, for plaintiff.

Hofheimer, Gartlir & Hofheimer, New York City, for defendant.

THOMAS F. MURPHY, District Judge.

In this action for infringement of copyright and unfair competition, plaintiff moves for a preliminary injunction to restrain defendant from further producing, selling and distributing its publication entitled, "World's Favorite Classic To Contemporary Piano Music" which allegedly infringes plaintiff's publication "Easy Classics to Moderns." Both works are compilations of musical selections concededly in the public domain. Plaintiff's work was originally published with notice of copyright in 1956 and contains 142 compositions selected and compiled from piano literature of the past three centuries. Defendant's work was published in 1961, containing 83 selections.

Plaintiff claims to have included a considerable amount of editorial matter such as marks of fingering, phrasing and expression designed for a quicker and easier understanding of the structure and mood of the compositions and easier performance thereof. The publication was designed for beginning and intermediate students of piano. It appears without dispute that one of the principal individuals connected with defendant was formerly an officer and director of plaintiff at a time when plaintiff's book was

published and it is asserted that he was well aware of the considerable financial success of plaintiff's publication.

It appears, also, that of the 83 selections contained in defendant's work, 29 of them are present in plaintiff's book. These 29 selections comprise 43 pages of defendant's publication; 12 pages of the 43 (or seven compositions) contain editorial matter allegedly copied substantially or completely from plaintiff's, and which was original with plaintiff. There are several errors common to both works which bespeak copying by defendant. Moreover, there is included in defendant's book a group of six pieces by one composer, Bartok, which had not appeared in such combination anywhere else before publication in plaintiff's work, and which were arbitrarily titled and subtitled by plaintiff. These titles likewise appear in defendant's edition. Again, with respect to this group, there is the fact that one of the pieces appears twice in defendant's book, obviously due to oversight during defendant's indiscriminate lifting from plaintiff's book. Plaintiff's actual compiler states unequivocally in his affidavit that the selection and compilation and editing material referred to were unique and original with him and represent his own independent effort and contribution.

Defendant, on the other hand, maintains that the fingering and phrasing for all of the selections are standard and constitute simply guide lines for the reader of the music, a suggestion for playing piano and not an addition to the original work. Its argument emphasizes that all of the selections are in the public domain, which of course is not controverted, and that the allegedly few common elements in the two books (meaning apparently, the editorial marks of fingering, phrasing, expression, etc.) are "neither unique, extraordinary nor the product of anyone's ingenuity or originality." Additionally defendant maintains that a great deal of the fingering and phrasing in the particular seven pieces is not original as claimed but is to be found elsewhere in the public domain.

Defendant's reference to sources allegedly containing substantially identical fingering, phrasing, dynamics and other editing for the most part, do not meet the evidence of plaintiff; defendant in discussing these sources refers to similarities between them and plaintiff's work which are not claimed by plaintiff as its original and copyrightable contribution infringed by defendant. And likewise does defendant miss the mark in denying to plaintiff's editing ingenuity or the quality of being extraordinary. The criterion here is originality which amounts to a little more than a mere trivial variation. Alfred Bell & Co. v. Catalda Fine Arts, 2 Cir., 1951, 191 F.2d 99, 102–103. We think that there is present in plaintiff's work "at least a modicum of creative work." Andrews v. Guenther Pub. Co., D.C.S.D.N.Y.1932, 60 F.2d 555, 557. Cf. Shulsinger v. Grossman, D.C.S.D.N.Y.1954, 119 F. Supp. 691. Cf. also, Desclee & Cie., S. A. v. Nemmers, D.C.E.D.Wis.1961, 190 F. Supp. 381, 388. Defendant studiously avoids a straightforward denial of copying and to us the reason is obvious; the fact of copying is too patent. We find substantial appropriation by defendant with regard to the seven specified compositions, and in addition, with regard to the combination of the six Bartok miniatures. We have carefully compared these seven pieces with the proposed source material contained in defendant's exhibit and conclude that the fingering, dynamic marks, tempo indications, slurs and phrasing claimed by plaintiff as its original work, was substantially original as claimed, and as such, copyrightable. The combination of the six Bartok pieces under the title "Six Miniatures" too, was an original selection and grouping by plaintiff. In these two respects we find originality in plaintiff's work and infringement thereof by defendant prima facie proved. Access is admitted. Additionally, the fact that defendant utilized the same titles arbitrarily chosen by plaintiff for the Bartok miniatures; duplicated therein a selection already in its book under a different

title; misspelled an author's name as did plaintiff though defendant spelled it correctly in other parts of its book not here in issue, and repeated another singular error committed by plaintiff, to wit, failure to carry over a "slur" mark at the same point in the same composition, required to be musically correct, are unmistakable signs of copying.

We do not go to the extent that plaintiff would have us go when it claims originality and exclusiveness in the compilation as regards all 29 selections common to both works; at least not at this time. The opposing affidavits submitted by defendant forcefully demonstrate that these 29 selections are common standard classical piano compositions and are to be found in many publications in the public domain, and are peculiarly appropriate and useful in a work of the type involved here, designed for teaching piano. In short, that these standard pieces will necessarily be included by a compiler of this type of book and that consequently, plaintiff should not have a monopoly of their use in such a compilation.

Nor do we feel plaintiff to be entitled to injunctive relief with respect to the cover page of defendant's book. Though plaintiff has not alleged it in its complaint, in its brief it argues that defendant has so closely imitated its cover page as to cause confusion in the minds of ultimate purchasers. We agree with defendant in this respect too, that the differences in color, words, format, titles and style of the two cover pages do not support the plaintiff's contentions so as to justify preliminary relief.

The copyrightability of plaintiff's book as a compilation under the Copyright Act, 17 U.S.C. § 7 is not disputed. The copyrightable component parts thereof discussed by us are likewise entitled to protection under § 3 of the same Title, 17 U.S.C.

█ Plaintiff's right to a final decision after trial, insofar as the two specifications referred to above are concerned, appears sufficiently certain to warrant the granting of preliminary re-

lief at this juncture. Rushton Co. v. Vitale, 2 Cir., 1955, 218 F.2d 434, 436; Geo-Physical Maps, Inc. v. Toycraft Corp, D.C.S.D.N.Y.1958, 162 F.Supp. 141, 148.

To the extent indicated, plaintiff's motion is granted.

Settle order.