**Chandler H. LAPSLEY, Plaintiff,**

v.

**AMERICAN INSTITUTE OF CERTI-
FIED PUBLIC ACCOUNTANTS,
Defendants.**

Civ. A. No. 1851–62.

United States District Court
District of Columbia.

Oct. 18, 1965.

Russell Hardy, Sr., Hardy & Hardy, Washington, D. C., for plaintiff.

James C. McKay, Covington & Burling, Washington, D. C., for defendant.

SIRICA, District Judge.

This is a civil action brought by the plaintiff, Chandler H. Lapsley, against the defendant, The American Institute of Certified Public Accountants, for damages arising out of an alleged infringement of the plaintiff's common law copyright on an unpublished manuscript entitled, "Budget Theory and Practice." One of the publications alleged to have infringed the plaintiff's manuscript is a

management services bulletin published by the defendant in 1959 and entitled, "Budgeting for Profit in Small Business." The other publication alleged to have infringed the plaintiff's manuscript is a similarly entitled set of materials published by the defendant in 1960 as part of a training course for accountants co-sponsored by the defendant and state accounting chapters.

The plaintiff testified that he began to write his manuscript in 1928 and that it was substantially completed in 1942. In 1956 the manuscript was submitted to the Prentice-Hall Publishing Company, in an attempt to have it published. After its rejection by Prentice-Hall, the plaintiff submitted his work to the defendant. Mr. Jerrold Hickey, a former employee of the defendant, testified that he received the manuscript on October 1, 1957, from a Mr. John Zebley, and that after examining the index, preface and table of contents, forwarded it immediately to the McGraw-Hill Book Company. A few months later, and following its rejection by McGraw-Hill, the manuscript was returned to Mr. Zebley, who apparently returned it to the plaintiff.

At the close of the plaintiff's case in chief, the defendant moved for a directed verdict. This motion was denied because the Court desired that all the evidence be in the record before a decision was made. At the close of all of the evidence, the defendant has renewed his motion, and it is this motion which is before the Court at this time.

■ To justify the submission of a case to the jury, there must be substantial evidence to support either conclusion that may be reached. Baltimore & O. R. Co. v. Postom, 85 U.S.App.D.C. 207, 177 F.2d 53 (1949). A mere scintilla of evidence is not enough. *Ibid.* Substantial evidence is evidence of such quality and weight as would be sufficient to justify a reasonable man in drawing the factual inference sought to be sustained. Kane v. Northern Central R. Co., 128 U.S. 91, 9 S.Ct. 16, 32 L.Ed. 339 (1888). After a careful consideration of all of the facts in this case as they have been presented by the testimony in open court and by the various exhibits admitted into evidence, the Court is of the opinion that there is no substantial evidence that the defendant, or any of its agents or employees, has infringed the plaintiff's manuscript.

■ It is agreed that to recover for the infringement of a copyright, the plaintiff must show (1) that the defendant had access to the manuscript allegedly infringed, Twentieth Century Fox Film Corp. v. Dieckhaus, 153 F.2d 893 (8th Cir.), cert. denied, 329 U.S. 716, 67 S.Ct. 46, 91 L.Ed. 621 (1946); (2) and that there are substantial similarities between the work of the plaintiff and that of the defendant, Heim v. Universal Pictures Corp., 154 F.2d 480 (2d Cir. 1946); and (3) that the defendant copied the plaintiff's work, Mazer v. Stein, 347 U.S. 201, 218, 74 S.Ct. 460, 98 L.Ed. 630 (1954). These elements have been recognized and applied in this federal district. See Richards v. Columbia Broadcasting System, 161 F.Supp. 516 (D.D.C.1958); Costello v. Loew's, Inc., 159 F.Supp. 782 (D.D.C. 1958).

As indicated earlier, the defendant corporation had access to the plaintiff's manual when it was submitted to its employee, Mr. Hickey. However, the plaintiff has introduced no evidence tending to show that the persons directly involved in the preparation of the defendant's publications had ever seen or heard of the plaintiff's manuscript. In fact, the persons who wrote the defendant's publications testified that they had neither seen nor heard of the plaintiff's material until after they had completed their assignments for the defendant.

■ Even assuming that the defendant had access to the plaintiff's manuscript, in the opinion of the Court, there has not been a showing of substantial similarity between this work and the defendant's publications. The plaintiff maintains that he originated the concepts or ideas which appear in his manuscript and which also appear in the defendant's publications. While there is evidence that these concepts are, and

were, not novel, as a matter of law, plaintiff is not entitled to obtain a copyright of an idea. See Holmes v. Hurst, 174 U.S. 82, 19 S.Ct. 606, 43 L.Ed. 904 (1899); Peter Pan Fabrics, Inc. v. Martin Weiner Corp., 274 F.2d 487, 489 (2d Cir. 1960). Many books dealing with the same subject contain similar ideas and concepts and indeed numerous works on accounting and budgeting contain concepts similar to those found in the plaintiff's manuscript. Plaintiff further maintains that the defendant's publications contain words and phrases similar to those used by the plaintiff. This the defendant concedes. However, since all of these works deal with the same topic, it is only natural that such publications would contain similar words and phrases, especially in light of the technical and complicated nature of the subject matter. See Dorsey v. Old Surety Life Ins. Co., 98 F.2d 872, 119 A.L.R. 1250 (10th Cir. 1938). Every subject, especially a technical one, has its own idiom and words of art, and it is absurd to think that the use in a later publication of words and phrases similar to those found in an earlier copyrighted publication on the same subject matter, necessarily constitutes an infringement of the copyrighted material. The English language is not broad enough so that similarity of phraseology and word usage will not appear in material on the same topic, especially in a technical field. It would be ridiculous to consider such similarity a copyright infringement. Indeed, the plaintiff has no monopoly on the words or concepts he has used. Plaintiff's right is to the *arrangement* of the words he has selected to express his ideas, not to the ideas or the words themselves. See Holmes v. Hurst, supra, 174 U.S. at 86, 19 S.Ct. 606. Even though the defendant's publications contain words found in the plaintiff's manuscript, an examination of the documents in question conclusively show that the style and arrangement of the words could present no substantial similarity to the ordinary observer. It is quite apparent to this Court that although the same words and con-

cepts appear in all the works involved, there is no similarity in their arrangement, and it is similarity in arrangement which is the test. Miner v. Employers Mut. Liab. Ins. Co., 97 U.S.App.D.C. 152, 229 F.2d 35 (1956).

■■ The third element which plaintiff must establish is that the defendant copied his work. While to constitute infringement there need not have been a verbatim copying of the plaintiff's work, or any part thereof, Universal Pictures Co. v. Harold Lloyd Corp., 162 F.2d 354 (9th Cir. 1947), the defendant must have appropriated a substantial or material part of the plaintiff's work, Heim v. Universal Pictures Co., supra 154 F.2d at 487, and the alleged copy must come "so near to the original as to give to every person seeing it the idea created by the original," White-Smith Music Publishing Co. v. Apollo Co., 209 U.S. 1, 17, 28 S. Ct. 319, 323, 52 L.Ed. 655 (1908). Costello v. Loew's, Inc., supra, 159 F.Supp. at 784. It is not necessary for the plaintiff to prove actual copying if there has been access and if there is substantial similarity between the documents. In such cases, copying may be inferred. However, the similarity must be evident upon ordinary observation and "the test * * * is * * * not whether by some hypercritical dissection of sentences and incidents seeming similarities are shown to exist." Funkhouser v. Loew's, Inc., 208 F.2d 185, 188 (8 Cir., 1953). In the instant case, the Court feels that the similarities which could allow such an inference do not exist. It is only by a "hypercritical dissection of sentences" that such a similarity could be found. Further, there is absolutely no evidence in the record that the defendant copied the plaintiff's work, verbatim or in substance, and indeed there is substantial testimony to the contrary.

■ For the foregoing reasons, this Court is of the opinion that there is no more than a scintilla of evidence, if that much, upon which a verdict for the plaintiff could be based. Furthermore, the plaintiff has failed to establish that he was damaged by the alleged infringe-

ment of his manuscript. It should be noted that the plaintiff is not suing under the federal copyright statute, but for infringement of his common law copyright. Accordingly, the provisions of that statute are inapplicable. Furthermore, it is important to note that this is an action at law, and not in equity, and that accordingly, plaintiff must establish that he suffered actual pecuniary loss as the result of the alleged infringement, and may not rely solely upon the profits, if any, which the defendants may have earned in connection with the publication. See Lundberg v. Welles, 98 F.Supp. 359 (S.D.N.Y.1950). Since it is evident that plaintiff was unable to publish his work, and further that the defendant made no net profit from its publications, it would appear that the plaintiff has made no showing of pecuniary loss.

It is then the opinion of this Court that the defendant's motion for a directed verdict should be granted.