**MAGNUS ORGAN CORPORATION,**
**Plaintiff,**

v.

**Finn MAGNUS and Norske Organ**
**Corporation, Defendants.**

**Civ. A. No. 168-67.**

United States District Court
D. New Jersey.

June 14, 1967.

Gurtman & Schomer, Passaic, N. J., Taylor, Ferencz, Kaufman, Simon & Haskel, New York City, of counsel for Magnus Organ Corporation by Jon M. Kaufman, New York City.

Greene & Orloff, Newark, for defendants by Israel B. Greene, Newark, N. J.

On Motion for Preliminary Injunction

## OPINION

WORTENDYKE, District Judge:

This action is for alleged copyright infringement. Jurisdiction is predicated upon the provisions of 17 U.S.C. § 1 et seq. Upon the filing of the verified complaint, this Court ordered that the defendants show cause why they and their agents, servants and employees should not be enjoined, during the pendency of this action, from engaging in acts which allegedly infringe plaintiff's copyrights, and from publishing, selling, marketing, advertising or otherwise disposing of any alleged copies of the books copyrighted by the plaintiff (which copies are annexed to the complaint) and why the corporate defendant should not be required to deliver up for impounding, during the pendency of the action, all copies of books in its possession alleged to infringe the plaintiff's copyrighted material. Upon the return date of the Order to Show Cause, this matter was presented to the Court on briefs and affidavits, without oral argument.

Both corporate parties to this litigation are corporations of the State of New Jersey. The individual defendant, Finn Magnus, is a citizen of New Jersey. He was formerly an officer and stockholder of the plaintiff corporation but subsequently became the principal officer and stockholder of the defendant corporation. Each of the corporations manufactures and sells electric chord organs.

## COMPLAINT

The complaint, filed in this Court on February 14, 1967, sets forth four causes of action. Each cause of action is predicated upon allegations charging infringement by the defendants of a separate copyrighted work, evidenced by a separate certificate of registration. The respective registration numbers, titles, and dates of publication of plaintiff's four musical composition books are as follows:

| Registration No. | Title | Publication Date |
| --- | --- | --- |
| EP 148236 | Bouquets of Song | August 19, 1960 |
| EP 148237 | Singin' Time | August 30, 1960 |
| EP 169058 | Merry Christmas Time | November 16, 1961 |
| EP 164329 | Just Waltzin' | June 11, 1962 |

Copies of the foregoing certificates of registration and of the copyrighted works covered thereby are before the Court.

The complaint alleges that each of the foregoing copyrighted works of the plaintiff has been infringed by defendant Norske by Norske's publication and

marketing of works which are alleged copies of the copyrighted books of the plaintiff. Copies of the allegedly infringing works of Norske are also annexed to the complaint in this case, and are thus also before the Court for its consideration.

## ANSWER AND COUNTERCLAIM

The defendants admit plaintiff's receipt of the aforementioned certificates of registration. They also admit that they (the defendants) published and marketed the books of which the plaintiff now complains. By way of affirmative defenses to all of the causes of action alleged in the complaint, the defendants aver that the musical compositions contained in plaintiff's four copyrighted music books were in the public domain and not entitled to copyright; that the arrangement of the songs contained in said books was not a musical arrangement within the meaning of the copyright laws and did not involve any new, original, artistic or creative work. Defendants further contend that any contribution which may have been made by Adele Scott to the plaintiff's books was in the public domain; and that the mere sequence of the songs appearing in the plaintiff's books and the number and symbols above the notes printed therein were likewise in the public domain and did not constitute any original, new, artistic or creative work entitling the plaintiff's books to be copyrighted. Defendants also contend that the front pages and instruction pages in the books of the plaintiff differ from the corresponding pages in the Norske books. They assert that the plaintiff obtained its copyrights unlawfully in an attempt to extend the life of expired copyrights on music in the public domain, and hence such copyrights are invalid and unenforceable. Consequently, the defendants argue that this Court lacks jurisdiction of the claims of unfair competition which the plaintiff has joined with its claims under the copyright law. As a third separate defense to all of the causes of action alleged in the complaint, defendants deny that there is any unfair competition between the books of the plaintiff and those of Norske. They allege that plaintiff has neither sustained nor is likely to sustain any damage from the continued publication and sale of the Norske books because (1) the music symbols in the latter differ from those in the books of the plaintiff, and are geared to play on the Norske Organ only; (2) neither distributors nor the public will buy the Norske books to be played on the plaintiff's organs nor the plaintiff's books to play on the Norske Organ; and (3) in any event, the formats, labels, and names of the publishers and other information on the books of the respective parties clearly indicate the respective sources of the books and the uses to which they may be applied. Defendant Norske has also interposed a counterclaim for damages under 15 U.S.C. § 15, and for injunctive relief under 15 U.S.C. § 26, alleging anti-trust violations, and for unfair competition under 28 U.S.C. § 1338(b). Counterclaimant seeks to have plaintiff's copyrights adjudged and declared to be null, void and unenforceable, the certificates thereof ordered to be surrendered for cancellation, and for other related relief.

## MAGNUS BOOKS

The outer front covers of plaintiff's four copyrighted books indicate that the books are intended for use with the Magnus Organ; that the contents of the books have been arranged by one Adele Scott; and that the books are published by Magnus Organ Corporation and sold at a price of $1.00 in U.S.A. Upon either the inside of the front covers or the inside of the back covers, there are illustrated instructions for the operation of the Magnus Organ. These instructions explain *inter alia*, (1) that the keyboard of the organ consists of numbered white keys and black keys, (2) that the keyboard is played with the fingers of the right hand, (3) that the white keys are numbered from 1 to 15, (4) that the black keys are designated by plus (+) signs, and (5) that the chord buttons are designated by the letters A, Bb, C, D, F, and G; each letter being enclosed within a circle. The books contain the words and

music of well-known songs which have been long in the public domain. Superimposed upon each sheet of music are the numbers and chord button letters which have been explained in the instructions. The respective numbers and chord button letters are placed above the appropriate musical note or phrase as such note or phrase appears in its position upon the staff. By reading the numbers and chord button letters, and pressing the key or button marked with the corresponding symbol on the Magnus Organ, one may conceivably play the musical tune or song which appears on a particular page in one of plaintiff's books.

## NORSKE BOOKS

The books of Norske, and the respective books of Magnus allegedly infringed thereby, are as follows:

| Norske Book | Magnus Book |
|---|---|
| Norske Organ | Bouquets of Song |
| Memory Time | Singin' Time |
| Merry Christmas Songs | Merry Christmas Time |
| Waltzes | Just Waltzin' |

The outer front cover of Norske's book indicates that the book is published by Norske Organ Corporation and intended for use on Norske Organ, Model No. 66. The outer front cover also contains the table of contents. There are illustrated instructions, entitled "Instructions For The New Simplified Number System", upon the inside of the front covers of all Norske books except the one entitled "Norske Organ", which contains similar instructions upon the first page. These instructions explain, (1) that the keyboard consists of 15 white keys and 10 black keys; (2) that the keyboard is played with the fingers of the right hand; (3) that the white keys are designated by an appropriately numbered index plate which has a white background; (4) that the black keys are designated by an appropriately numbered index plate which has a black background; (5) that the chord keyboard is numbered from 1 to 6, and designated on the sheet music by an appropriate number within a square which has a red background.

## DISCUSSION

To decide this motion for a preliminary injunction, I must determine whether the plaintiff has made a showing of irreparable injury and also whether there is a reasonable likelihood that the plaintiff will succeed in establishing its case on the merits. See Kontes Glass Company v. Lab Glass, Inc., 373 F.2d 319, 320 (3 Cir. 1967). Plaintiff's certificates of registration constitute prima facie evidence of the validity of its copyrights, and defendants have the burden of overcoming that presumption of validity. 17 U.S.C. § 209; Flick-Reedy Corp. v. Hydro-Line Manufacturing Co., 351 F.2d 546 (7 Cir. 1965) cert. den. 383 U.S. 958, 86 S.Ct. 1222, 16 L.Ed.2d 301 (1966); Rohauer v. Friedman, 306 F.2d 933, 2 A.L.R.3d 1395 (9 Cir. 1962).

The defendants have copied substantially from plaintiff's copyrighted works. Compare, for example, Magnus' "Bouquets of Song" with Norske's "Norske Organ", where the only substantial changes evident are the page positions of the songs "Silent Night" and "On Top Of Old Smoky", the location of the tables of contents, and the use of letters for chords and numbers for notes in one and numbers for chords and notes in the other. Similarly, Norske's book entitled "Merry Christmas Songs" contains a lesser number of songs than Magnus' book entitled "Merry Christmas Time", but the Norske book contains no songs that are not in the Magnus book. Further, "Merry Christmas Songs" is a substantial copy of Magnus' copyrighted book entitled "Merry Christmas Time".

The same or similar observations can be made with reference to the other Norske books in comparison with the books of Magnus. See Ideal Toy Corporation v. Fab-Lu Ltd. (Inc.), 360 F.2d 1021, 1022 (2 Cir. 1966); Comptone Company, Ltd. v. Rayex Corporation, 251 F.2d 487 (2 Cir. 1958).

Despite the seemingly different methods of operating the respective organs as set forth in the instructions in the respective books, the Magnus method has been substantially appropriated by Norske. The differences are as follows: (1) The black keys of the Magnus Organ are designated by plus (+) signs, while the black keys of the Norske Organ are designated by numbered black index plates. (2) The Magnus chord keyboard is designated by *letters* while the Norske chord key board is designated by *numbers. However, the Norske Organ uses the same chords as the Magnus Organ, and the chord keys on the Norske Organ are in the same relative positions as those on the Magnus Organ.* Hence, by substituting the plus (+) signs for the numbered black index plates, and substituting the chord keyboard *letters* for the chord keyboard *numbers,* an average lay person could successfully play the Magnus Organ *with the use of a Norske musical composition book.*

I cannot say, in the face of the allegations of the pleadings and upon the evidence before me that there is a reasonable likelihood that the plaintiff will succeed in establishing its case on the merits. I distinguish the case before me from that in Consolidated Music Publishers, Inc. v. Ashley Publications, Inc., 197 F.Supp. 17 (S.D.N.Y.1961), because in the latter case the "works" of the respective parties consisted of compilations of musical selections concededly in the public domain for use by the player on any piano. The Court found substantial appropriation by the defendant with regard to several of the compositions. The Court held that the work of the copyright holder was original and therefore copyrightable. Since access by the de-

fendant to the plaintiff was admitted, and there were unmistakable signs of copying, the Court found infringement on the application for the preliminary injunction and therefore granted that relief. In the case at bar there is no question of *patent* infringement by the Norske of the Magnus Organ. Moreover, there is no basis for inference that the method of playing each of the organs was not substantially the same. The right of the manufacturer of each organ to advertise and sell his product included the right to compile, publish and sell instructions for the playing of the instrument. It was only the form in which the Magnus Organ instructions were embodied which was copyrightable by the plaintiff. In the absence of any evidence that the method of playing the Norske Organ was not similar to that of Magnus, Norske had a perfect right to compile and publish instructions for the playing of its organ as long as those instructions did not amount to a copy of the Magnus instructions. The situation presented by the pending application is strikingly similar to that in Baker v. Selden, 101 U.S. 99, 25 L.Ed. 841 (1879). In that case Selden obtained the copyright of a book entitled "Selden's Condensed Ledger, or Bookkeeping Simplified." The object of Selden's book was to exhibit and explain a peculiar system of bookkeeping. Additional copyrights were from time to time obtained by Selden for other books, containing additions to and improvements upon his system. The defendant Baker was charged with infringement of these copyrights. The evidence disclosed that the defendant used a similar plan of bookkeeping so far as results were concerned, but employed a different arrangement of columns and different headings. The Supreme Court in *Baker* held that the mere copyright of Selden's book did not confer upon him the exclusive right to make and use account books ruled and arranged as designated by him and described and illustrated in his book. The Court cited the English case of Cobbett v. Woodward, Law Rep., 14 Eq. 407, which involved a claim to copyright in a

catalog of furniture which the publisher had on sale in his establishment, illustrated with many drawings of furniture and decorations. The defendants, who were dealers in the same business, published a similar book and repeated many of the plaintiff's drawings, though it was shown that they had on sale the articles represented thereby. The English Court held that the drawings of the defendants were not subjects of copyright but mere advertisements for the sale of particular articles which any one might imitate and any one might advertise for sale. The writer of the *Cobbett* opinion states, in part:

"If a man not being a vendor of any of the articles in question were to publish a work for the purpose of informing the public of what was the most convenient species of articles for household furniture, * * * what they ought to cost, and where they might be bought, and were to illustrate his work with designs of each article he described,—such a work as this could not be pirated with impunity, and the attempt to do so would be stopped by the injunction of the Court of Chancery; yet if it were done with no such object, but solely for the purpose of advertising particular articles for sale, and promoting the private trade of the publisher by the sale of articles which any other person might sell as well as the first advertiser, * * * I know of no law which, while it would not prevent the second advertiser from selling the same articles, would prevent him from using the same advertisement; provided he did not in such advertisement by any device suggest that he was selling the works and designs of the first advertiser."

Because both Magnus and Norske manufactured and sold electric chord organs, for the playing of which instructions were required by the novice, each manufacturer had a right to compile, publish and sell samples of music with instructions for the playing thereof on the manufacturer's product. Although Norske selected the same musical compositions as had been selected by Magnus, they were well known, were in the public domain, and available to each of the parties. Since each organ manufacturer had a right to instruct purchasers in the method of playing its product, the publication and sale of such instructions was a right available to both manufacturers so long as the format of the Norske instructions was not "lifted" from the copyrighted instructions for the Magnus Organ. "[A] copyright gives no exclusive right to the art disclosed, protection is given only to the expression of the idea—not the idea itself." Mazer v. Stein, 347 U.S. 201, 217, 74 S.Ct. 460, 470, 98 L.Ed. 630 (1954). The pleadings, affidavits and exhibits presented to me present substantial issues of fact, the resolution of which will require plenary final hearing. In the exercise of my discretion therefor, I refuse the preliminary injunctive relief sought by the plaintiff. Accordingly, the Order to Show Cause made upon the filing of the complaint in this action is discharged. An appropriate Order may be presented.